Glen W. MORGAN

v.

HEIGHTS SAVINGS ASSOCIATION, William R. Parkey, Robert Harry, Paul Pryor, Roger Keane, Larry Miller, Cliff Fry, Don Williams.

Civ. A. No. B–88–00960–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

June 11, 1990.

Wayne A. Reaud, Reaud, Morgan & Quinn, Beaumont, Tex., for plaintiff.

J. Hoke Peacock, II, Orgain, Bell & Tucker, Beaumont, Tex., Alan F. Levin, Constance K. Acosta, Levin, Roth & Kasner, Houston, Tex., for Heights Sav.

David C. Holmes, H. Miles Cohn, Honigman, Miller, Schwartz & Cohn, Houston, Tex., for First Heights, FSA.

E. John Gorman, Tracey M. Smith, Hutcheson & Grundy, Houston, Tex., for FSLIC, Receiver.

## MEMORANDUM OPINION

COBB, District Judge.

This case is one of many in Texas involving the rights and liabilities of lenders and borrowers when a federally insured savings and loan fails. Specifically at issue before this court is the right of a borrower to pursue a cause of action against the new entity replacing the old insolvent savings and loan which he had asserted against the insolvent savings and loan, and the right of a newly created entity to enforce the terms of a loan it received from the insolvent savings and loan.

Glen Morgan, plaintiff here, filed suit in state court against Heights Savings Association (Old Heights), the lender which held the mortgage on Morgan's home, and its directors individually. Morgan v. Heights Savings Assoc., et al., Cause No. E–125,586 (172nd Judicial District Court, Jefferson County, Texas). Morgan alleges that he and Old Heights agreed upon terms for settlement of that state suit. Before a settlement agreement was actually signed,

however, Old Heights was declared insolvent by the Federal Home Loan Bank Board (FHLBB), and placed it into receivership. The Federal Savings and Loan Insurance Corporation (FSLIC) was named as receiver for Old Heights.

Pursuant to its authority as receiver, FSLIC transferred Old Heights' assets to a newly created savings and loan, First Heights, FSA (New Heights). New Heights thereby acquired the mortgage on Morgan's home. FSLIC as receiver for Old Heights removed Morgan's state court suit to this court, pursuant to 12 U.S.C. § 1730(k)(1) and 28 U.S.C. § 1441.

Morgan filed a motion to enforce his alleged settlement agreement with Old Heights, which was denied by this court August 24, 1989. FSLIC as receiver for Old Heights then filed a motion to dismiss, which was declared moot August 25, 1989. FSLIC was replaced as receiver by the Federal Deposit Insurance Corporation (FDIC), pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). FDIC filed an amended motion to dismiss October 11, 1989. New Heights filed a motion for summary judgment February 20, 1990. The amended motion to dismiss and motion for summary judgment are now before this court.

## MOTION OF FDIC AS RECEIVER FOR OLD HEIGHTS

■ FDIC urges its motion to dismiss under FED.R.CIV.P. 12(b)(6). The court will exercise its discretion under that rule and treat the FDIC's motion as a motion for summary judgment under FED.R. CIV.P. 56.

The Fifth Circuit has held that where a receivership estate has no assets to satisfy an award of damages, a claim against that estate shall be dismissed on the grounds of prudential mootness. *Triland Holdings & Co. v. Sunbelt Serv. Corp.*, 884 F.2d 205 (5th Cir.1989). This court believes it necessary to go beyond the pleadings and examine evidence of insolvency to make such a determination, so FDIC's motion is treated as a motion for summary judgment.

The FDIC has presented summary judgment evidence which adequately demonstrates the receivership estate has no assets and never will have any assets. FHLBB Resolution No. 88–948–P (Sept. 9, 1988), a copy of which is attached to FSLIC's supplemental brief in support of motion to dismiss, declares Old Heights insolvent and appoints a receiver to manage Old Heights' estate. This court finds that such a resolution adequately establishes Old Heights' insolvency. Accordingly, pursuant to *Triland*, summary judgment is GRANTED to FDIC as receiver for Heights Savings Association, and all claims Morgan may have had against either FDIC as receiver or against Heights Savings Association are DISMISSED as moot.

## MOTION OF NEW HEIGHTS

■ Morgan seeks to enforce the settlement agreement he alleges he reached with Old Heights against New Heights. According to Morgan, the terms of that settlement would require a reduction in the principal balance of his mortgage, with re-amortization of the remaining balance. Morgan has provided typed copies of such an agreement, but none of these copies were even executed.

New Heights moves for summary judgment against Morgan under FED.R.CIV.P. 56, arguing that New Heights assumed only the secured and depositor liabilities, not the unsecured liabilities of Old Heights, and that any such oral settlement agreement is unenforceable.

Morgan is unquestionably at best an unsecured creditor of Old Heights. New Heights is not required to assume liability to Old Heights' unsecured creditors. *See, FSLIC v. Locke*, 718 F.Supp. 573 (W.D.Tex. 1989). A copy of FHLBB Resolution No. 88–952–P (Sept. 9, 1988) clearly states that New Heights did not acquire the unsecured liabilities of Old Heights. The FHLBB specifically ordered transferred "all of the secured and deposit liabilities of Heights to First Heights, FSA." *Id.* at p. 8. No transfer was made of unsecured liabilities, nor was any such transfer required.

622

Additionally, it is clear that the *D'Oench Duhme* doctrine prohibits the enforcement of oral settlement agreements modifying a promissory note held by a Federally insured financial institution against that institution's receiver or the receiver's assignee. *See, D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1941); *FDIC v. Hoover–Morris Enterprises*, 642 F.2d 785 (5th Cir.1981). Morgan's alleged agreement is not enforceable against New Heights.[1] The motion for summary judgment for First Heights, FSA, is GRANTED.

---

1. *D'Oench, Duhme* protects the FDIC and its assignees from agreements not in a bank's records. The court has examined the minutes of the Old Heights' Board of Directors' meetings *in camera,* and finds no evidence that the terms of the alleged settlement were entered in Old Heights' records. The court ordered New Heights to make the loan file available for inspection by Morgan, so he could present any evidence from the file of such a record. Morgan has never availed himself of this opportunity, and presents no evidence to overcome *D'Oench, Duhme.*