**Larry SIPES d/b/a Sipes General Store, Appellant,**

v.

**PETRY AND STEWART, and John W. Petry, Appellees.**

No. 04–91–00031–CV.

Court of Appeals of Texas, San Antonio.

June 28, 1991.

William W. Sommers, Gardner & Ferguson, Inc., San Antonio, for appellant.

George H. Spencer, Clemens & Spencer, San Antonio, for appellees.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

Appellant, "Larry Sipes d/b/a Sipes General Store" alone, appeals a summary judgment granted in favor of appellees, Petry and Stewart, et al. in a legal malpractice suit.

In a suit filed against appellees, Larry Sipes, individually, and Sipes General Store, alleged a malpractice cause of action arising from legal services rendered by the appellees on an Economic Development Loan with the City of Carrizo Springs, which also involved a loan agreement with the Union State Bank of Carrizo Springs. The trial court granted summary judgment without stating the basis for the summary judgment, which requires affirmance on any meritorious theory. *Tijerina v. Wennermark*, 700 S.W.2d 342, 347 (Tex.App.— San Antonio 1985, no writ).

Appellant contends that the trial court erred in granting the summary judgment because a fact issue was raised "with respect to [appellee's] failure to disclose a conflict of interest between Union State Bank of Carrizo Springs and Larry Sipes", and "as to whether the failure to disclose was a proximate cause of damages to Plaintiff." Moreover, appellant limits this appeal to "that portion of the judgment as it relates to his alleged causes of action with respect to negligence and violation of

Sec. 17.46 (23) of the Texas Business and Commerce Code...."

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); TEX.R.CIV.P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon*, 690 S.W.2d at 549; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon*, 690 S.W.2d at 549.

■ In reviewing summary judgment evidence, it is well established that sworn pleadings and denials to requests for admissions are not summary judgment evidence in Texas. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980). As such, a motion for summary judgment is a pleading and may not be considered as summary judgment evidence, *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1988, no writ), nor is a response to summary judgment competent summary judgment evidence. *Rhodes v. Interfirst Bank Fort Worth, N.A.*, 719 S.W.2d 263, 264 (Tex. App.—Fort Worth 1986, no writ). However, affidavits, depositions, interrogatories, and admissions are proper summary judgment evidence when referred to or incorporated in the motion for summary judgment, *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d 288, 290 (Tex.App.—Houston [1st Dist.] 1985, no writ), citing, *First Fed. Sav. & Loan Ass'n of San Antonio v. Bustamante*, 609 S.W.2d 845, 849 (Tex.Civ. App.—San Antonio 1980, no writ), but the trial court may not receive extrinsic evidence, either oral or documentary, at the hearing on the motion for summary judgment. *State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966); *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375, 383 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Statements contained in a brief also do not constitute summary judgment proof. *Nationwide Fin. Corp. v. English*, 604 S.W.2d 458, 463 (Tex.Civ.App.—Tyler 1980, dism'd as moot).

■ The parties opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986). All responses to a motion for summary judgment must be presented to the trial court in writing. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979); TEX. R.CIV.P. 166a(c).

■ If the judgment granting the motion for summary judgment does not specify upon which ground it is based, to obtain reversal, the appellant must show that all of the independent grounds alleged are insufficient to support the judgment. *Rogers v. Ricane Enter., Inc.*, 772 S.W.2d 76, 79 (Tex.1989); *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■ An attorney malpractice claim, such as the one involved in the present case, is based on negligence. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex.1989). "The plaintiff must prove that there is a duty owed to him by the defendant, a breach of that duty, that the breach proximately caused the plaintiff injury and that damages occurred." *Id.* at 665. The attorney is held to the standard of care which would be exercised by a reasonably prudent attorney. *Id.* at 664. "The standard is an objective exercise of professional judgment, not a subjective belief that his acts are in good faith." *Id.* at 665. An attorney is competent as a witness to state the standard for practicing law in his own legal malpractice case. *Tijerina*, 700 S.W.2d at 347. Additionally, in a legal malpractice case, the burden is on the client seeking damages from the attorney. *Jackson v. Urban, Coolidge, Pennington & Scott*, 516 S.W.2d 948, 949 (Tex.Civ.App.—

Houston [1st Dist.] 1974, writ ref'd n.r.e.). In a malpractice cause of action, a non-movant is required to raise a fact issue as to the producing cause in order to defeat a summary judgment, after the movant has complied with its burden. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984).

■ Further, allegations under the Deceptive Trade Practice Act, which includes § 17.46(b)(23) of the Texas Business and Commerce Code (Vernon 1987), require pleadings which "designate or state with particularity which acts or events were relied upon as a basis for liability under the Texas Deceptive Trade Practices Act", and also "pleadings to show that any act or acts of the defendant were a producing cause of any injury to the [plaintiff]." *Village Square, Ltd. v. Barton*, 660 S.W.2d 556, 559 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) Therefore, in a deceptive trade practice cause of action, a non-movant is likewise required to raise a fact issue as to the producing cause in order to defeat a summary judgment, after the movant has complied with its burden. *Brownlee*, 665 S.W.2d at 112.

Because appellees presented a properly supported motion for summary judgment as to the producing cause issue, the dispositive issue here is whether the appellant properly raised a fact issue as to the producing cause in order to defeat the summary judgement. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; TEX.R.APP.P. 90.

The summary judgment evidence discloses that Larry Sipes, individually, and Sipes General Store, obtained the legal services of the appellees in connection with an Economic Development Loan with the City of Carrizo Springs, as well as a companion loan agreement with the Union State Bank of Carrizo Springs, for the purpose of obtaining funds to expand the operation of the Sipes General Store. The specific allegations of malpractice against appellees stem from the insistence that the appellees failed to notify Sipes, individually, and Sipes General Store, of the conflict of interest which existed as a result of Mr. Petry being a stockholder of the Union State Bank and representing the bank as its attorney. However, Sipes admitted in his deposition that he was generally aware, at the time he went to Mr. Petry, that Mr. Petry was a stockholder of the Union State Bank, and represented it at times. But appellant later stated in his controverting affidavit that Petry did not make him specifically aware, at the time the services were rendered, that appellees would be representing the bank upon default of the note in question. Sipes was primarily concerned about his individually liability in the transaction when he went to appellees for legal services, but clearly admitted in his deposition that although he was specifically told by Mr. Petry that the loan would not be made by the bank unless he was individually liable on the note along with Sipes General Store, he nevertheless voluntarily executed the agreement to that effect. Regardless, the actual note later prepared by the bank secretary was only executed by Sipes in his capacity as Sipes General Store, and did not require him to execute the note individually. Upon default, the bank sued Sipes, d/b/a Sipes General Store, as the maker of note but nevertheless joined Sipes, individually, based on a general guaranty agreement Sipes had previously executed with the bank in 1983, which did not involve the appellees at all. Although the suit by the bank on the note was instituted by other attorneys together with the appellees, the appellees withdrew upon demand being made by Sipes. Moreover, Sipes was eventually relieved of any individual liability on the note.

Although alleging negligence of the appellees for failing to disclose the alleged conflict of interest, Sipes, individually, and Sipes General Store, failed to allege that the negligence of the appellees was a producing cause of any damage in their petition. Further, Sipes, individually, and Sipes General Store, also failed to allege "with particularity which acts or events were relied upon as a basis for liability under the Deceptive Trade Practice Act", or "show that any act or acts of the defendants were a producing cause of any injury to the [plaintiffs]". *Village Square, Ltd.*, 660 S.W.2d at 559. Therefore, it appears questionable whether the petition alleges a

cause of action under the Deceptive Trade Practice Act at all. *Crabtree v. Ray Richey & Co., Inc.,* 682 S.W.2d 727, 728 (Tex. App.—Fort Worth 1985, no writ). However, since no special exceptions challenged the petition, giving the plaintiffs an opportunity to amend, and the petition refers to TEX.BUS. & COM.CODE ANN. § 17.-46(b)(23) (Vernon 1987), we will resolve this appeal on the basis of whether the issue of producing cause was properly raised by the appellant on both causes of action, negligence and deceptive trade practice. *Texas Dep't. of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex.1974).

■ To establish his burden as to the issue of producing cause of damages, appellant relied entirely on his controverting affidavit and the affidavit of Ronnie June Johnson. The pertinent allegations refer to an earnest money contract allegedly entered into between "Larry Sipes" and "Ronnie Johnson" which stipulates that Johnson was to purchase property from Sipes, and which Johnson "decided to revoke and rescind" "[a]s a direct result of the knowledge of these suits [Union State Bank suit] against Mr. Sipes." Appellant contends that this raised a fact issue of producing cause of damages which should have defeated the summary judgment. We disagree.

The alleged earnest money contract, which the appellant attached to his controverting affidavits, fails to show a signature by either Sipes or Johnson, or a date for the signature of Sipes, and provides that "[u]nless accepted by Seller [Sipes], as evidenced by Seller's signature hereto and delivered to Buyer by 5:00 p.m., the 25th day of May, 1986, this offer to purchase shall be null and void and all parties hereto shall stand relieved and released of any and all liability or obligations hereunder and all Earnest Money shall be returned to Buyer." Further, the earnest money contract is clearly a contract between "Larry E. Sipes" and "Ronnie Johnson" and provides Sipes the right of enforcement of the contract by specific performance as well by other means.

In addition to the obvious defects of the earnest money contract presented to the trial judge, the only appellant before this court is "Larry Sipes d/b/a Sipes General Store", who is not alleged, nor does the unsigned contract show, to be a party to the contract. Moreover, appellant does not contend that the suit filed by the bank after default on the note was either illegal or improper, nor does the appellant contend that anything which the appellees did caused the suit to be filed. In fact, appellant never alleged that the appellees obtained any confidential or otherwise critical information as a result of the services rendered, which improperly revealed or in any way influenced or affected the filing of the suit. Clearly, the bank had the right to file their suit against Sipes General Store upon default of the note which obligated Sipes General Store. Further, the bank also had the right to include Sipes, individually, under the guaranty agreement, which Sipes had executed earlier in 1983, without any participation by the appellees. Therefore, we fail to see how this constitutes evidence that properly raised the fact issue of proximate cause of any damage to this particular appellant. The points are rejected.

The judgment is affirmed.