**Betty Y. McDONALD, Appellant,**

**v.**

**FOSTER MORTGAGE CORPORATION and Benjamin Franklin Savings Association, Appellees.**

**No. A14–92–00022–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 9, 1992.

Rehearing Denied July 30, 1992.

---

Woodrow Epperson, Houston, for appellant.

Geoffery H. Bracken, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment in favor of the Resolution Trust Corporation as Conservator for Benjamin Franklin Savings Association, appellee. Betty Y. McDonald, appellant, filed suit against appellees alleging breach of the duty of good faith and fair dealing, and wrongful foreclosure. The Resolution Trust Corporation (RTC) as Conservator for Benjamin Franklin Savings (Ben Franklin) filed a petition in intervention and counterclaim seeking to collect a $23,253.38 deficiency owed by appellant after the foreclosure. The RTC subsequently filed a motion for summary judgment on both its

counterclaim and appellant's original suit. The trial court granted the motion for summary judgment awarding the RTC $23,-253.38, plus costs and attorney's fees. Appellant raises three points of error complaining there was no evidence to support the summary judgment, there are disputed issues of material fact, and the judgment fails to dispose of all contested issues. We affirm.

Appellant bought a residence in Houston in 1984 for the price of $91,250. She executed a note and deed of trust payable to Texas Western Mortgage, Inc. for the $86,-000 principal owing on the purchase price. Texas Western Mortgage, Inc. assigned the note and deed of trust, which are regular on their face and were duly executed, to Benjamin Franklin. Appellant subsequently defaulted on payment of the note. In September 1988, Benjamin Franklin foreclosed on the residence, sold it for $45,000, and sought to collect the $23,253.38 deficiency. On June 21, 1989, appellant filed suit against Benjamin Franklin and Foster Mortgage Corporation. Her suit was based on the allegation that, before foreclosure, she had procured a purchaser to pay $75,000 for the residence. She claimed in her petition that Benjamin Franklin's refusal to accept or approve the $75,000 purchase offer was a breach of the duty of good faith and fair dealing and resulted in a wrongful foreclosure of her property. The note and deed of trust were in the possession of Benjamin Franklin Federal Savings Association (Benjamin Franklin Federal) when the suit was filed. On June 28, 1989, Benjamin Franklin Federal was placed into conservatorship by the Federal Home Loan Bank Board and the FSLIC was appointed conservator. In August 1989, the FSLIC, as receiver, filed a plea in intervention in this suit. The RTC, under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), succeeded the FSLIC as conservator for Benjamin Franklin Federal and also succeeded the FSLIC as receiver for Benjamin Franklin. Thereafter, in February 1990, the RTC intervened in this suit and counterclaimed for the deficiency amount. At the March 15, 1991 hearing on the RTC's motion for summary judgment, Judge Sharolyn Wood indicated she was inclined to grant the motion, but ordered the parties to continue settlement negotiations in an effort to settle the case. The case did not settle. On September 13, 1991, after proper notice to appellant, the RTC presented its summary judgment motion to the trial court for a ruling without an oral hearing. The motion was granted and on September 19, 1991, the trial court entered judgment in favor of the RTC.

In points of error one and two, appellant alleges the summary judgment was improper because there is no summary judgment evidence to support the judgment and there are disputed issues of material fact. She contends the RTC had the burden to show the commercial reasonableness of the foreclosure sale, and that it failed to offer such proof. Appellant further argues that the RTC's failure to respond to basic discovery requests leaves disputed issues of material fact unanswered.

In order for summary judgment to be proper, appellees must establish that they are entitled to judgment as a matter of law and that there is no genuine issue of material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). On review, this Court must view the evidence in the light most favorable to appellant, the non-movant, and resolve all doubts and inferences in her favor. *Id.* at 548–49. *See Turboff v. Gertner, Aron & Ledet Invs.*, 763 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

On its counterclaim, the RTC had the burden of proving that every element essential to its recovery is so clearly established that there is no issue of fact and it is entitled to summary judgment. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). The facts are undisputed that appellant executed the note and deed of trust in question; defaulted on payment of the note; received notice of the default; received an opportunity to cure; received notice of intention to accelerate the note and foreclose; the amount of the note due at foreclosure; the foreclosure took place; the property

was sold for $45,000; and a deficiency of $23,253.38 was left over after crediting the $45,000.

 Appellant filed a general denial to the RTC's counterclaim action for the recovery of the deficiency amount. She raised no defenses. Thus, she is incorrect in her contention that the RTC was required to prove the commercial reasonableness of the sale. Commercial reasonableness is a defense which must be pled by the debtor, not an element of the lender's cause of action. *Smith v. Federal Deposit Ins. Corp.*, 800 S.W.2d 648, 650 (Tex. App.—Houston [14th Dist.] 1990, writ dism'd by agr.). Only after the affirmative defense of commercial reasonableness is asserted, does the lender have the burden to offer proof that the sale was commercially reasonable. *Id.; See Hall v. Crocker Equip. Leasing*, 737 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1987, writ denied).

 An affirmative defense can preclude summary judgment even if raised for the first time in a response to the motion, if no objection is made and the response is supported by proper proof. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991). In her response to the motion for summary judgment, appellant makes a general statement that the pleadings, and her attorney's attached affidavit, show there are disputed issues of material fact, that she has not timely received discovery responses, and that the motion does not purport to resolve all issues in the litigation. The only one of these responses not put forward as a conclusory statement was the complaint about discovery responses, which was discussed in her attorney's attached affidavit. A conclusory statement that there are material issues of fact in dispute, without more is insufficient to defeat a motion for summary judgment. *See Sipes v. Petry and Stewart*, 812 S.W.2d 428, 430 (Tex.App.—San Antonio 1991, no writ) (party "may not rest on mere allegation ... but must set forth specific facts showing there is a genuine issue for trial"). Additionally, the law is well settled that pleadings do not constitute summary judgment proof to establish genuine issue of fact. *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Feldman v. Manufacturers Hanover Mortgage Corp.*, 704 S.W.2d 422, 425 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). In this case, the undisputed facts are ample evidence to support the judgment in favor of the RTC's for the deficiency amount.

 As to appellant's suit for breach of the duty of good faith and fair dealing, and wrongful foreclosure, the RTC had the burden of establishing that, as a matter of law, appellant has no cause of action against it. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 166–67 (Tex.1987). As stated in its motion for summary judgment, there is no duty of good faith and fair dealing arising out of the lender/borrower or mortgagor/mortgagee relationship. *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708–09 (Tex.1990). Thus, as a matter of law it is impossible for Ben Franklin to have breached that duty as to appellant. Further, the RTC, like the FDIC, is protected as a matter of law, under the *D'Oench Duhme* doctrine, from suits brought by debtors alleging fraud or breach of fiduciary duty. *See D'Oench Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 457–62, 62 S.Ct. 676, 679–81, 86 L.Ed. 956 (1942); *The Royal Bank v. Federal Deposit Ins. Corp.*, 733 F.Supp. 1091, 1094–97 (N.D.Tex.1990).

 Even if appellant were damaged by a wrongful foreclosure, as a general unsecured creditor, she cannot maintain that action against the RTC, as receiver for Benjamin Franklin. The RTC established by uncontroverted summary judgment proof that Benjamin Franklin will never have assets with which to satisfy any judgment. Thus, under the doctrine of prudential mootness, appellant is precluded from maintaining her cause of action against the RTC. *281–300 Joint Venture v. Onion*, 938 F.2d 35, 37–38 (5th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 933, 117 L.Ed.2d 105 (1992). *See Triland Holdings & Co. v. Sunbelt Service Corp.*, 884 F.2d 205, 208 (5th Cir.1989) (if no assets, and

never will be any assets, to satisfy judgment against lender then dismissal justified on prudential grounds); *Morgan v. Heights Sav. Assoc.*, 741 F.Supp. 620, 621 (E.D.Tex. 1990) (summary judgment properly granted to FDIC on ground that failed lending institution has no, and will never have any, assets to satisfy judgment).

There is ample evidence to establish that as a matter of law appellant could not recover against the RTC. Appellant has raised no genuine issues of material fact to bar summary judgment as to her cause of action. We overrule appellant's points of error one and two.

In point of error three, appellant complains that summary judgment was improper because it fails to dispose of all contested issues in the case. We find no merit in this complaint.

The motion for summary judgment states:

> This motion will address the RTC's entitlement to judgment for the deficiency arising out of the September 1988 foreclosure sale. In addition, this motion shows that there is no legally cognizable cause of action against the RTC, as Receiver for Benjamin Franklin Savings Association, arising out of the foreclosure or any duty of good faith and fair dealing.
>
> \* \* \* \* \* \*
>
> As demonstrated, there are no genuine issues of material fact pertaining to the elements comprising the RTC's claim and [appellant]'s defenses and claims are barred as a matter of law.

The judgment itself states:

> It is, therefore, ORDERED, ADJUDGED AND DECREED that Resolution Trust Corporation, as Conservator of Benjamin Franklin Federal Savings Association, shall have and recover judgment against Betty A. McDonald (sic), in the amount of ... $23,253.38....
>
> \* \* \* \* \* \*
>
> It is further ORDERED, ADJUDGED AND DECREED that Betty A. McDonald (sic) shall have and take nothing by way of her claims.

The motion for summary judgment addressed all issues in this case. The judgment itself, disposed of both appellant's suit and the RTC's counterclaim action. We overrule appellant's point of error three.

The judgment of the trial court is affirmed.