**Rene NEVAREZ, Appellant,**

v.

**INVESTMENT RETRIEVERS, INC.,
a California Corporation, Assignee
of Chase/Bank One, Appellee.**

No. 08–09–00083–CV.

Court of Appeals of Texas,
El Paso.

July 14, 2010.

Rene Nevarez, El Paso, TX, pro se.

LaJuan E. Wood, Law Office of LaJuan E. Wood, Dallas, TX, for Appellee.

Before CHEW, C.J., McCLURE, and RIVERA, JJ.

### *OPINION*

DAVID WELLINGTON CHEW, Chief Justice.

Appellant appeals the trial court's judgment in favor of Appellee. On appeal, Appellant argues the trial court erred in allowing certain business records to be admitted into evidence when they failed to comply with the Texas Rules of Evidence, in accepting a credit card agreement submitted by Appellee as a valid contract, and in entering a judgment in favor of Appellee. We affirm.

After Chase/Bank One and Appellant entered into a credit card member contractual agreement, the company issued a credit card to Appellant, and Appellant made purchases and/or cash advances using the credit card account. In July 2007,

Appellee brought an action against Appellant for debts Appellant incurred and owed on the credit card account. In its original petition, Appellee asserted that Chase/Bank One assigned all of its rights, title, and interest in monies owed under Appellant's credit card to Appellee, and that Appellee was the holder and owner of the disputed credit card account and thus entitled to receive all money due under the credit card agreement's terms. Appellee claimed Appellant defaulted on the payment obligations under the credit card agreement's terms and conditions to pay the account, and despite the company's demand for payment, Appellant refused to pay the debt owed or any part of it. According to Appellee, due to Appellant's default on the credit card account, Appellant owed a "principal amount of $7,610.43, plus interest accrued and accruing at the highest contractual rate allowed by state law of eighteen percent (18 %) per annum from the date of charge off of 02/28/05." In Appellant's answer, Appellant asserted the defenses of improper service and mistaken identity. Appellant also claimed that Appellee lacked standing to bring the instant suit, and that the statute of limitations barred this suit.

At the conclusion of a hearing, the trial court entered a final judgment in favor of Appellee in February 2009. The court determined the company may recover $7,610.43 for the principal amount due, $5,336.89 as interest, $2,000 for attorney's fees, $350 for costs of court and service of process, and "[i]nterest at the legal rate per year on the total judgment from the date of judgment until paid" from Appellant. In March 2009, Appellant filed notice of appeal.

Initially, we note that we must construe Appellant's brief liberally as Appellant is appearing *pro se*. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). However, *pro se* litigants still

must comply with all applicable procedural rules. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.-El Paso 2007, no pet.); *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex.App.-El Paso 2007, pet. struck); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex.App.-El Paso 2006, no pet.).

Under the Texas Rules of Appellate Procedure, an appellant's brief is required to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). Rule 38 requires the appellant to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.-Houston [1st Dist.] 2002, pet. denied); *Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex.App.-Amarillo 1998, no pet.). When the appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex.2004); *Valadez*, 238 S.W.3d at 843; *Martinez*, 218 S.W.3d at 844; *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex.App.-Houston [14th Dist.] 2002, no pet.). As we noted in *Valadez*:

> It is the Appellant's burden to discuss her assertions of error. An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party. [Citations omitted].

*Valadez*, 238 S.W.3d at 845.

Appellant's brief consists of nine pages. Those pages include a cover sheet, a table

of authorities, a jurisdictional statement, issues presented for review, a statement of the case, a summary of the argument, and a certificate of service. The brief does not contain a statement of facts or a prayer. Moreover, Appellant provided no record references, citations to certain authorities, or clear and concise arguments for all of the issues. *See* Tex.R.App.P. 38.1(i). Appellant also failed to explain how the cases Appellant mentioned in the brief support specific contentions in each issue. We therefore overrule Appellant's issues as inadequately briefed. *See* Tex.R.App.P. 38.1; *Velasquez v. Waste Connections, Inc.,* 169 S.W.3d 432, 436 (Tex.App.-El Paso 2005, no pet.)(issue inadequately briefed when argument did not contain any references to relevant cases or legal principles); *Kupchynsky v. Nardiello,* 230 S.W.3d 685, 692 (Tex.App.-Dallas 2007, pet. denied)(issue inadequately briefed when party gave general cite to one case stating elements of cause of action); *Sterling v. Alexander,* 99 S.W.3d 793, 799 (Tex.App.-Houston [14th Dist.] 2003, pet. denied)(issue inadequately briefed when party failed to make proper citations to authority or the record and in failing to make a cogent argument); *Wheeler v. Methodist Hosp.,* 95 S.W.3d 628, 646 (Tex.App.-Houston [1st Dist.] 2002, no pet.)(issue inadequately briefed when party did little more than summarily state her point of error, without citations to legal authority or substantive analysis). Accordingly, Issues One, Two, and Three are overruled.

Having overruled Appellant's issues presented for review, we affirm the trial court's judgment.