

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00388-CR

### EX PARTE LINDA LEWIS

**From the County Court at Law No. 2
Ellis County, Texas
Trial Court No. 10001HC**

## MEMORANDUM  OPINION

Linda Lewis attempts to appeal from an order allegedly denying her writ of habeas corpus.  Much of the factual recitation in this opinion of the events leading up to this appeal has been pieced together through various documents provided by Linda.  The recitation, however, is intended for background information only and plays no part in our decision in this appeal.

This appeal stems from an altercation between Linda Lewis, along with her daughter, Alicia, and a bailiff for the County Court at Law No. 2 in Ellis County which occurred after a criminal hearing for a relative of a friend which had taken place earlier in the day.  The altercation resulted in both Linda and Alicia being found to be in contempt of court and committed to jail for 180 days.  Linda attempted to appeal the

contempt order; however, orders for contempt of court cannot be appealed. *Ex parte Eureste*, 725 S.W.2d 214, 216 (Tex. Crim. App. 1986). The appeal was dismissed. *See Lewis v. State*, No. 10-10-00014-CR, 2010 Tex. App. LEXIS 999 (Tex. App.—Waco, Feb. 2, 2010, no pet.).

Linda apparently also filed a petition for a writ of habeas corpus. She contends the petition was denied on January 14, 2010. She faxed a notice of appeal to this Court dated October 12, 2010 which was filed on October 28, 2010. A copy of the complained of order was not attached to the notice of appeal. By letter dated October 29, 2010, the Clerk of this Court notified Linda that the notice of appeal was untimely because, if the order denying the petition for a writ of habeas corpus was a final, appealable order, the notice of appeal would have been due 30 days from the date of the order. Linda was also warned that the appeal would be dismissed unless a response was filed showing grounds for continuing the appeal. A response was faxed. However, the response did not show grounds for continuing the appeal but, instead, contained only a general plea for fairness and to continue the appeal.

This appeal has many procedural problems, including Linda's failure to follow the Rules of Appellate Procedure regarding service of documents, the faxing of documents, and the timeliness of filing a notice of appeal. While we interpret a pro se litigant's pleadings liberally, a pro se litigant is not excused from following the rules. *See Nevarez v. Inv. Retrievers, Inc.*, 2010 Tex. App. LEXIS 5469, ___ S.W.3d ___ (Tex. App.—El Paso, July 14, 2010, no pet.). This includes the timely filing of a notice of appeal. The timely filing of a notice of appeal is jurisdictional, *Olivo v. State*, 918 S.W.2d

519, 522 (Tex. Crim. App. 1996), and there is very little flexibility in this rule. The only flexibility allowed is that within 15 days from the date the notice of appeal is due, a party may file a motion for extension of time to file a notice of appeal. *Id*.; TEX. R. APP. P. 26.3. Linda did not take advantage of this flexibility in the rule and presented her notice of appeal nine months after the petition for the writ was allegedly denied.

Because the timely filing of a notice of appeal is jurisdictional, and Linda's notice of appeal was not timely filed, we can do nothing in this appeal except dismiss it. Accordingly, this appeal is dismissed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Appeal dismissed
Opinion delivered and filed November 24, 2010
Do not publish
[OT06]