

NUMBER 13-14-00606-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CRISTINA CASTANEDA,                                                          Appellant,

v.

DANNETTE ZUNIGA,                                                          Appellee.

**On appeal from the County Court at Law No. 2
Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

This appeal involves a landlord-tenant dispute. By three issues, appellant Cristina

Castaneda, appearing pro se, challenges the judgment of the trial court ordering

Castaneda to pay appellee Dannette Zuniga three months' rent totaling $1,250.00.

Castaneda asserts that: (1) the trial court erred in excluding critical evidence; (2) the

evidence is factually insufficient to support the trial court's judgment; and (3) the trial court erred by not providing appellant sufficient notice of its final order. We affirm.

## I. BACKGROUND

Zuniga is the landlord for 3709 Frio Avenue ("the property") in McAllen, the property previously occupied by Castaneda and her family. Castaneda received subsidized housing from the McAllen Housing Authority (MHA).

Castaneda and her husband had previously complained to Zuniga about the construction being performed on the roof of their house. Castaneda claimed that the construction was causing insulation and mice to enter their home through the air vents, which was making their children sick. Castaneda reported these problems along with a large dent in the home's floor to the MHA and to Zuniga.

At the beginning of May 2014, Zuniga gave Castaneda notice to vacate the property within thirty days. Zuniga testified that in the beginning of June, Castaneda refused to vacate the property. On June 4, 2014, Zuniga filed suit in a justice court requesting an order of eviction. On June 17, 2014, a letter was sent to Castaneda from MHA stating that the MHA planned to pay Castaneda's rent for the month of June. The hearing in justice court was held on June 18th, and the justice of the peace ruled in favor of Zuniga. Castaneda was ordered to pay the overdue rent and vacate the premises. On June 19th, another letter was sent from the MHA to Castaneda stating that despite previous correspondence to the contrary, MHA would not, in fact, be paying the rent for the month of June due to the result of the trial the day before. Castaneda appealed this judgment to county court. *See* TEX. CIV. PRAC. & REM. CODE 51.001 (West, Westlaw through 2015 R.S.).

A hearing was held on the appeal on September 2, 2014. The county court ruled in favor of Zuniga and awarded her unpaid rent totaling $1,250.00 and ordered that Castaneda vacate the property. On September 5, 2014, the order of eviction was signed and mailed to Castaneda by the trial court. The record shows that Castaneda received this notice on September 8, 2014. On September 7, 2014, Zuniga requested a police officer to accompany her while she entered the premises and removed Castaneda's remaining property.

On September 12, 2014 the trial court signed and mailed the final judgment to Castaneda ordering her to pay Zuniga $1,250.00 for three months of unpaid rent. Castaneda subsequently filed a motion for new trial, which the trial court denied. This appeal followed.

## II.    EXCLUDING EVIDENCE

By her first issue, Castaneda claims that the trial court erred by excluding critical evidence at trial.

### A.    Standard of Review

Evidentiary rulings are "committed to the trial court's sound discretion." *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its discretion when it rules "without regard for any guiding rules or principles." *Id.* An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *See State Bar of Tex. v. Evans,* 774 S.W.2d 656, 658 (Tex. 1989). Moreover, we will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1.

3

**B. Waiver**

As a threshold matter, we note that Texas Rule of Appellate Procedure Rule 38.1, requires that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). While Castaneda lists this issue in the "Issues Presented" section of her brief, her brief argues nothing further regarding the trial court's exclusion of critical evidence at trial. Furthermore, her brief provides no citations to case law or statutes that would support her argument.

When the appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *Nevarez v. Investment Retrievers, Inc.*, 324 S.W.3d 238 (Tex. App.—El Paso 2010, no pet.) (citing *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.,* 150 S.W.3d 423, 427 (Tex. 2004)). Therefore, we find this issue inadequately briefed and overrule this issue.[1]

### III. FACTUAL SUFFICIENCY OF THE EVIDENCE

By her second issue, Castaneda claims that there was factually insufficient evidence to support the trial court's decision.

**A. Standard of Review**

When reviewing a verdict to determine the factual sufficiency of the evidence, the court of appeals must consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 175 (Tex. 1986); *see Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex. 1985). The evidence supporting the verdict is to be

---

[1] While Castaneda is pro se, we must hold pro se litigants to the same standard as represented litigants.

weighed along with the other evidence in the case, including that which is contrary to the verdict. *In Re King's Estate,* 244 S.W.2d 660, 661 (Tex. 1951).

**B.    Applicable Law and Discussion**

According to Zuniga's testimony, Castaneda owed Zuniga for three months' rent, yard maintenance fees, and past due electric bills.  The record shows that Zuniga presented evidence that Castaneda had been occupying the property despite being ordered to vacate.  The police report filed on September 7, 2014 clearly states that the locks to the house had been changed and that there was still property belonging to Castaneda in the house.  Zuniga requested that the trial court award Zuniga three months' unpaid rent, the amount of $215.62 for electricity, fees for failing to perform yard maintenance, and her court fees.  After receiving testimony, the trial court ordered that Castaneda pay Zuniga $1,250.00 for unpaid rent, but did not award Zuniga the other damages she requested.

The record further shows that Castaneda did not attempt to rebut the fact that she owed Zuniga the $1,250.00, but instead argues that the MHA is responsible for the rent. She claims that the contract she entered into with the MHA stated that the MHA was responsible for the full amount of rent and utilities paid to Zuniga.  Castaneda neither attempted to disprove this evidence or cross examine Zuniga on these points nor presented any evidence to counter the money owned to Zuniga.  After weighing the evidence, we conclude that the trial court's verdict is not so contrary to the overwhelming weight of the evidence as to be clearly unjust.  *See Cain v. Bain*, 709 S.W.2d at 175.  We overrule Castaneda's second issue.

## IV. FAILURE TO PROVIDE SUFFICIENT NOTICE

By her third issue, Castaneda claims she did not receive sufficient notice of the court's final judgment. The Texas Property Code states the court must notify the tenant of its decision ordering an eviction by sending a copy of the judgment to the tenant's premises by first class mail no later than forty-eight hours after the entry of the judgment. TEX. PROP. CODE ANN. 24.0061 (West, Westlaw through 2015 R.S.). The record shows that, the trial court's final judgment was signed and mailed on September 12, 2014. Because the trial court signed and mailed the judgment on the same day, the trial court did not err. We overrule Castaneda's third issue.

## V. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Delivered and filed the
14th day of July, 2016.