

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00663-CV

Theresa Fay **JERRY**,
Appellant

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-05864
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  September 21, 2016

AFFIRMED

In the underlying lawsuit, Theresa Fay Jerry asserted various claims against Deutsche Bank National Trust Company arising out of a non-judicial foreclosure of Jerry's home. Jerry appeals the trial court's order granting Deutsche Bank's motion for summary judgment. We affirm the trial court's order.

### BACKGROUND

In 2006, Jerry obtained a loan to purchase a home and executed a note secured by a deed of trust. After Deutsche Bank foreclosed on the property in February of 2014, Jerry filed the

underlying lawsuit asserting various claims against Deutsche Bank which were premised on Deutsche Bank not being the owner and holder of the note.[1] Jerry alleged the assignment of the note and deed of trust to Deutsche Bank was void because a signature on the assignment was a forgery. In the alternative, Jerry alleged a breach of contract claim, asserting if Deutsche Bank was the holder of the note, it failed to properly credit her for payments.

A year and a half after Jerry filed the lawsuit, Deutsche Bank filed a traditional and no-evidence motion for summary judgment, asserting there was no evidence Deutsche Bank was not the owner or holder of the note and no evidence it breached any contract. Jerry did not file a response to the motion. After a hearing, the trial court signed an order granting Deutsche Bank's motion. Jerry appeals.

### INADEQUACY OF BRIEFING

"The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). "Specifically, Rule 38.1(i) requires that an appellant's brief contain clear and concise arguments, 'with appropriate citations to authorities and to the record.'" *In re Estate of Valdez*, 406 S.W.3d 228, 235 (Tex. App.—San Antonio 2013, pet. denied) (quoting TEX. R. APP. P. 38.1(i)). "Failure to satisfy this requirement waives the issue on appeal." *Id*.

Although we construe pro se briefs liberally, "*pro se* litigants still must comply with all applicable procedural rules." *Nevarez v. Inv. Retrievers, Inc.*, 324 S.W.3d 238, 239 (Tex. App.—El Paso 2010, no pet.). "An appellate court has no duty — or even right — to perform an independent review of the record and applicable law to determine whether there was error."

---

[1] The claims Jerry alleged based on this premise included a declaratory judgment claim, claims alleging violations of the Texas Business and Commerce Code, action to quiet title, and claims alleging violations of Chapter 12 of the Texas Civil Practice and Remedies Code.

*Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). "Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Id*.

Jerry's initial brief raises six issues; however, the brief contains no citations to the record or to relevant authority. The only challenge Jerry makes to the summary judgment is the assertion that the attorney she hired should have filed a response with supporting evidence. Jerry also includes an affidavit of detailed facts concerning the mortgage. The affidavit, however, was not properly presented to the trial court as summary judgment evidence.

After Deutsche Bank filed its brief, Jerry filed a "First Amended Brief and Reply Brief of Appellant," and this court granted Jerry's request that the brief be "taken as supplementation and under consideration as such in conjunction with the original brief." This brief also contains no citations to the record.[2] The bulk of the discussion in this brief is under a section of the brief entitled, "Statements Regarding Oral Argument." This discussion does not, however, relate to any specific issues raised in the brief. Liberally construing the brief, Jerry raises the following two identifiable issues: (1) "homeowners may bring a cause of action for wrongful foreclosure on the basis that the assignment of debt is invalid;" and (2) a "party's lack of authority is a proper basis on which the foreclosing homeowner may challenge a foreclosure." However, each of these issues refers to a wrongful foreclosure claim, and Jerry did not assert a claim for wrongful foreclosure in her pleadings.

---

[2] It is unclear if certain statements in the brief refer to documents Jerry attached to her "Original Appeal of Motion to Summary Judgment" which was construed as a notice of appeal. The only evidence a trial court may consider in ruling on a motion for summary judgment, however, is evidence referred to or incorporated in the motion, the response, or a reply. *See Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 236 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Sipes v. Petry & Stewart*, 812 S.W.2d 428, 430 (Tex. App.—San Antonio 1991, no writ).

Liberally construing Jerry's briefs, we hold the only issue properly presented in the briefs is whether the trial court erred in granting the summary judgment because Deutsche Bank was without authority to foreclose on Jerry's home. Any other issues raised in the briefs are waived. *In re Estate of Valdez*, 406 S.W.3d at 235; *Nevarez*, 324 S.W.3d at 239.

### NO-EVIDENCE SUMMARY JUDGMENT

With regard to Jerry's assertion that Deutsche Bank was without authority to foreclose on her home, one of the grounds asserted by Deutsche Bank in its no-evidence motion for summary judgment was that no evidence existed that it was not the owner or holder of the note. In order to defeat summary judgment, Jerry was required to present summary judgment evidence raising a fact issue with regard to Deutsche Bank's status as the owner or holder of the note. Jerry's mere allegation in her pleadings and in her briefs that the assignment to Deutsche Bank was void because of a forged signature is not summary judgment evidence. *See Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971); *Estate of Jobe v. Perry*, 428 S.W.3d 888, 902 n.16 (Tex. App.—Texarkana 2014, no pet.); *Sipes*, 812 S.W.2d at 430; *see also Myer v. Cuevas*, 119 S.W.2d 830, 836 (Tex. App.—San Antonio 2003, no pet.) (appellate court must determine appeal based on appellate record and cannot consider documents attached as exhibits or appendices to briefs) (quoting *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied)). Because Jerry did not produce any summary judgment evidence raising a genuine issue of material fact regarding Deutsche Bank's status as the owner and holder of the note, the trial court was required to grant Deutsche Bank's no-evidence motion for summary judgment as to the claims premised on Deutsche Bank's lack of authority.[3] *See* TEX. R. CIV. P. 166a(i); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).

---

[3] With regard to Jerry's breach of contract claim which she alleged as an alternative claim, Deutsche Bank's no-evidence motion for summary judgment asserted no evidence existed of any breach. Because Jerry did not produce

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

---

any evidence raising a genuine issue of material fact as to any breach, the trial court also was required to grant Deutsche Bank's motion as to that claim.  *See* TEX. R. CIV. P. 166a(i).