James PICKENS, Jim T. Pickens, Mary Ann Pickens, Johnny W. Bennett, And Waynetta Bennett, Appellants,

v.

TEXAS FARM BUREAU INSURANCE COMPANIES, Texas Farm Bureau Mutual Insurance Company, And James E. Allison, Appellees.

No. 07–90–0096–CV.

Court of Appeals of Texas, Amarillo.

Aug. 24, 1992.

Richard L. Wilcox, Roger N. Wineinger, Amarillo, for appellants.

Harlow Sprouse, Sprouse Mozola Smith & Rowley, Mark L. Packard, Underwood, Wilson Berry Stein & Johnson, P.C., Amarillo, David B. Wagner, Bryan, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

James, Jim T. and Mary Ann Pickens, and Johnny W. and Waynetta Bennett (collectively referred to as Pickens) appeal from the trial court's take-nothing summary judgment rendered on their cause of action against Texas Farm Bureau Insurance Companies, Texas Farm Bureau Mutual Insurance Company and James E. Allison (collectively referred to as Texas Farm

Bureau). Pickens filed suit against Texas Farm Bureau asserting several common law and statutory causes of action arising from its alleged failure to give adequate advice to the Bennetts regarding levels of liability coverage available on their homeowner's insurance policy. In two points of error, Pickens contends the trial court erred (1) in holding Texas Farm Bureau owed the Bennetts no duty beyond selling them a homeowner's policy with minimum liability limits and (2) in holding all causes of action were barred by limitations. We affirm.

■ In their first point of error, Pickens contends the trial court erred in holding that Texas Farm Bureau owed the Bennetts no duty beyond selling them a homeowner's policy with minimum liability limits. We disagree.

In 1977, the Bennetts moved from Stinnett to Amarillo. They called the Stinnett Texas Farm Bureau office and purchased a homeowner's policy for their Amarillo home with liability limits of $25,000. Mrs. Bennett did not seek advice about coverage and did not confer with an agent.

On November 20, 1982, while the homeowner's policy was in effect, Johnny W. Bennett was cleaning a rifle in his garage when it discharged and struck James Pickens in the right arm. James Pickens and his parents filed suit against Bennett for damages. On March 31, 1986, a consent judgment was entered in favor of the Pickens in the amount of $953,000.

Texas Farm Bureau paid policy limits of $25,000 liability and $500 medical pay benefits on behalf of Bennett. On January 16, 1988, the parties signed a "covenant not to execute" wherein the Bennetts agreed to pay an additional $15,000 on the judgment and assigned any causes of action they might have against Texas Farm Bureau to Pickens.

After the assignment, Pickens instituted the instant action alleging negligence, breach of express and/or implied warranties, violation of the Texas Deceptive Trade Practices Act and Consumer Protection Act, and the Texas Insurance Code. Pickens' causes of action are derived from allegations that Texas Farm Bureau failed to advise the Bennetts, upon purchase of their homeowner's policy, of various liability coverage limits and premiums available.

■ The determination of the existence of a legal duty is a question of law for the court. *Oldaker v. Lock Construction Company*, 528 S.W.2d 71, 77 (Tex.Civ. App.—Amarillo 1975, writ ref'd n.r.e.); *Jackson v. Associated Developers of Lubbock*, 581 S.W.2d 208, 212 (Tex.Civ.App.— Amarillo 1979, writ ref'd n.r.e.). No legal duty arises on the part of an insurance agent to extend the insurance protection of his customer merely because the agent has knowledge of the need for additional insurance of that customer, especially in the absence of evidence of prior dealings where the agent customarily has taken care of his customer's needs without consulting him. *McCall v. Marshall*, 398 S.W.2d 106, 109 (Tex.1965). In analogous cases, it was determined no duty exists to make an affirmative offer of higher limits on underinsured motorist coverage. The courts found the insurance agencies owed no duty to their insured to offer benefits in excess of the statutory minimum. *Tatum v. Mid–Century Ins. Co.*, 730 S.W.2d 41, 43 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); and *Geisler v. Mid–Century Ins. Co.*, 712 S.W.2d 184, 187 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)

■ It is well settled law that the right to recover for injuries from negligence is founded upon the violation of a duty. *Trinity Universal Ins. Co. v. Burnette*, 560 S.W.2d 440, 442 (Tex.Civ.App.— Beaumont 1977, no writ); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). When no duty exists, there can be no violation or negligence. *Id.*

Here, there is no evidence that Allison ever took care of the Bennetts' insurance needs without consulting them. When the Bennetts purchased insurance from Texas Farm Bureau they ordered their policies over the phone from the secretary in the office. The Bennetts did not seek advice from Allison as to how much coverage they should have obtained. The Bennetts re-

ceived an updated policy every six months, showing the policy coverage. They did not question the amount of coverage. Nor, did they inquire about the possible coverage available.

Waynetta Bennett had previously called and raised the coverage of their standard dwelling insurance when the valuation of their home increased. She also called to inquire whether a gun collection was covered by their policy. When she learned it was not, she ordered additional dwelling coverage. Thus, Waynetta was aware of the process utilized to raise coverage limits on an insurance policy. At no time did she ask about increasing the liability coverage of their policy. Under the circumstances, there was no duty owed to the Pickens and their negligence cause of action fails.

Pickens' reliance on *Cateora v. British Atlantic Assurance, Ltd., of Nassau*, 282 F.Supp. 167, 174 (S.D.Tex.1968) is misplaced. It is neither controlling nor persuasive. *Cateora* follows *Diamond v. Duncan*, 107 Tex. 256, 172 S.W. 1100 (1915), where the Texas Supreme Court determined that an insurance agent had a duty to inform his client when the agent knew the insurer had become insolvent or to replace the insurance. In this instance, it is undisputed that Texas Farm Bureau was not insolvent and paid the full policy limits. Neither *Cateora* nor *Diamond* created a duty for the agent to advise an insured to increase coverage.

■ Pickens also contends Texas Farm Bureau breached a common law duty of good faith and fair dealing by failing to advise the Bennetts of undercoverage, citing *Arnold v. Nat. County Mut. Fire Ins. Co.*, 725 S.W.2d 165 (Tex.1987). There, the court recognized the duty of an insurer to deal fairly and in good faith with its insured in the processing and payment of claims. A cause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay. *Id.* at 167. Texas Farm Bureau has paid

the full amount of the Bennetts' policy limits. There is no contention that Texas Farm Bureau wrongfully denied or delayed payment.

Here, the Bennetts requested a homeowner's insurance policy without requesting any information about coverage options or advice regarding the type of coverage they should choose. Texas Farm Bureau supplied them with an insurance policy that met their request.

■ Pickens further contends that Texas Farm Bureau has committed false, misleading, or deceptive practices in the business of insurance defined by the Texas Insurance Code and Rules and Regulations of the State Insurance Board and thus, breached a duty of good faith and fair dealing, relying on *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129 (Tex.1988). In this connection, Pickens argues prohibited practices include failure to disclose material information to an insured and breach of warranties. Pickens asserts material issues of fact exist as to whether Texas Farm Bureau committed such practices by failing to disclose coverage options, or by breaching warranties of workmanlike service, good faith and fair dealing, and the fitness of their product for its intended purpose.

Pickens reliance on *Vail* is misplaced. *Vail* involved a cause of action against an insurer under the Deceptive Trade Practices Act for the insurer's failure to pay under the policy. Here, Texas Farm Bureau has paid the full liability limits, so the policy was fit for its intended use.

■ As acknowledged in *Tectonic Realty v. CNA Lloyd's of Texas*, 812 S.W.2d 647, 651 (Tex.App.—Dallas 1991, writ denied), since 1987, Texas courts have recognized that insurance carriers owe their customers a common law duty of good faith and fair dealing in the processing and payment of claims. In this instance, Pickens has cited no authority, nor have we found any, where the common law duty of good faith and fair dealing or breach of workmanlike service has been extended to the failure to disclose the range of liability

coverage amounts. We decline to extend the duty. To rule otherwise could permit the insured to dictate policy limits of the insurance company after the liability attached. Additionally, such liability cannot be assessed because it is contingent on what the insured would have done if disclosure of varying liability amounts had been made. Such damages are speculative and cannot be recovered. *See A.B.F. Freight Systems v. Austrian Import*, 798 S.W.2d 606, 615 (Tex.App.—Dallas 1990, writ denied). Consequently, Texas Farm Bureau owed no duty to the Bennetts beyond selling them the instant homeowner's policy. Pickens' first point of error is overruled.

A party defendant who moves for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to the plaintiff's cause of action. *Griffin v. Rowden*, 654 S.W.2d 435, 435–36 (Tex.1983). This may be accomplished by defendant's summary judgment evidence showing that at least one element of plaintiff's cause of action has been established conclusively against the plaintiff. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex. 1970). Because Texas Farm Bureau established its entitlement to summary judgment as a matter of law, the first point of error is dispositive of this appeal, we need not address the second point. Tex.R.App.P. 90(a).

Accordingly, the judgment is affirmed.