**Ruby SLEDGE and Dale Sledge, Appellants,**

v.

**Frank E. MULLIN, Appellee.**

**No. 2–95–180–CV.**

Court of Appeals of Texas, Fort Worth.

June 6, 1996.

Karen Anne Lerner, Houston, for appellants.

William F. Allred, Michelle E. Robberson, Dallas, for appellee.

Before DAY, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is a summary judgment case. While driving a 1975 Chevrolet Nova that he had bought from his mother, Dale Sledge was involved in a collision with another car whose occupants were injured. Originally, Ruby Sledge and her son, Dale, sued Republic Insurance Company to establish that the Nova was still insured on Ruby's liability policy although Dale had bought the car from her about ten days before the collision. Alternatively, the Sledges sued Republic's agent, Frank E. Mullin, on the theory that if the Nova (and Dale as its driver) were not insured, then the absence of coverage was a result of Mullin's alleged negligence and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Repub-

lic denied that the Nova was still covered by Ruby's policy by the date of the collision.

The trial court granted Republic's motion for summary judgment, severed that part of the case so it could be appealed, and abated the Sledges' suit against Mullin. This court affirmed the summary judgment in *Sledge v. Republic Ins. Co.*, No. 02–92–025–CV (Tex. App.—Fort Worth, Dec. 31, 1992, no writ) (not designated for publication). Subsequently, the trial court lifted its abatement of the Sledges' suit against Mullin and denied the Sledges' motion for partial summary judgment against him. Mullin's own summary judgment motion was granted, and the Sledges appeal.

We affirm.

The undisputed facts of this case are that Mullin sold Ruby an automobile liability policy for her three cars, including the 1975 Chevrolet Nova. The policy was in effect when, on January 25, 1988, Ruby notified Mullin that she had acquired a 1980 Chevrolet Citation and was selling the Nova to her son, Dale. In her deposition testimony Ruby conceded that she could not afford the cost of insuring four cars and that she contacted Mullin and instructed him "to take the Nova off the insurance policy" and substitute the Citation for the Nova as one of the insured vehicles.

The injury collision occurred on February 4, 1988. Ruby's attorney argues in her brief that when Ruby made her request to Mullin on January 25, 1988, she "believed and expected that the substitution would occur on the anniversary date of the policy, March 11, 1988, not immediately." This contention is inconsistent with Ruby's deposition testimony in which she swore that in asking Mullin on January 25, 1988 to cancel the Nova's insurance, she did so with the intent that it would be canceled on January 25, 1988, not a later date.

Republic rejected the liability claim on the ground that by substituting the Citation for the Nova in January, Republic's insurance policy no longer covered the Nova or its driver at the time of the February collision. Two people injured in the collision eventually sued Dale Sledge and obtained a $200,000 judgment against him.

The Sledges' first point of error is that the trial court erred by granting Mullin's motion for summary judgment. The second point of error is that the trial court erred by denying the Sledges' own motion for summary judgment. We will consider the points together.

■ In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n.*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47. In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678. A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975). To

accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq Realty*, 899 S.W.2d at 197.

There is no evidence that Ruby asked Mullin to insure four cars under the policy or that she intended that result. The undisputed evidence is that she asked Mullin to substitute the Citation for the Nova. The Sledges argue that Mullin was negligent because he breached a duty to Ruby by not investigating and determining all of the details of her disposition of the Nova at the time she told him to substitute the Citation for the Nova. Ruby contends that Mullin had a duty to warn her of the potential for her liability if the Nova was no longer insured by the policy. Both in her counter-motion for summary judgment and in her appellate brief Ruby consistently uses the words "substitute" or "substitution" to describe the action that she intended for Mullin to take with respect to the Citation and the Nova as a result of her January 25, 1988 telephone call to him. The word *substitute* is commonly understood as the act of putting one thing in the place of another, not adding them together. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2280 (1981). The plain meaning of the dictionary's definition is that when substitution occurs, one thing is removed at the same time another replaces it.

The gist of Ruby's assertion is that although she could only afford to insure a total of three cars and told Mullin she was selling the Nova and wanted him to substitute the Citation on the policy, he nevertheless had a duty to make certain all four cars continued to be insured by her policy or to inform her that the Nova would not be covered after January 25, 1988. Ruby contends that Mullin should have told her that the policy provisions extended automatic insurance coverage for any car she might acquire, such as the Citation, for her first thirty days of ownership, and that if Mullin had told her about that, she could have kept all four cars insured on her policy for thirty days after January 25, 1988, and Dale's February 4th collision would have been insured.

Whether such a legal duty existed was a question of law for the trial court, reviewable by this court. *See Pulido v. Dennis*, 888 S.W.2d 518, 520 (Tex.App.—El Paso 1994, no writ); *Pickens v. Texas Farm Bureau Ins. Co.*, 836 S.W.2d 803, 805 (Tex.App.—Amarillo 1992, no writ).

The evidence is that the policy terms made the thirty-day *coverage* available automatically, but there is no evidence that the fourth car would have been insured free-of-charge for thirty days or that Ruby would have had four-car coverage for the same price she had paid to insure just three cars. Indeed, Ruby's policy provided that if a change required a premium adjustment, that adjustment would be made as of the effective date of change.

Ruby's deposition testimony is that she could not afford to insure a fourth car, which was her specific motivation for instructing Mullin to cancel the Nova's insurance by dropping it from the policy. We are not directed to any evidence that Ruby would have accepted the "automatic" insurance coverage even if Mullin had discussed it with her. Whether or not Ruby would have accepted appears to be left for conjecture, unsupported by the summary judgment evidence.

Although the Sledges argue that their case is governed by the holding of *Trinity Universal Ins. Co. v. Burnette*, 560 S.W.2d 440 (Tex.Civ.App.—Beaumont 1977, no writ), their reliance on *Trinity* is misplaced. That holding was dictated by its facts, which are distinguishable from the facts of this case. The Beaumont Court of Civil Appeals emphasized that the insurance agent involved in *Trinity* breached a duty imposed on the agent by the terms of a contract between agent and insurer to either renew or replace insurance coverage for the customer or to notify the customer of an inability to do so. *Id.* at 443–44. In the record of this appeal, we find no evidence that Mullin had such a contractual duty.

It is well settled that the right to recover for injuries from negligence must be based on the breach of a duty and, in the absence of a duty, there can be no negligence. *Rosas,* 518 S.W.2d at 536. The Texas Supreme Court has held that no legal duty arises on the part of an insurance agent to expand the insurance protection of his customer, even if the agent has knowledge of the customer's need for additional insurance, when there is no evidence showing that the customer and agent have created a special business relationship between them through a history of dealings in which they share an expectation that the agent habitually will satisfy all of the customer's insurance needs without consultation. *McCall v. Marshall,* 398 S.W.2d 106, 109 (Tex.1965); *Pickens,* 836 S.W.2d at 805.

From the summary judgment evidence, we do not find that a special business relationship existed between insurance agent Mullin and policyholder Ruby. We hold that, as of January 25, 1988, Mullin complied with Ruby's specific instructions, and we hold that, in the context of negligence law, Mullin owed no duty to make certain the Nova was insured after Ruby requested that he substitute one car for another, and that he owed no duty to tell her how she might keep all four cars insured for a while longer. In the absence of such a duty, we hold that, as a matter of law, Mullin was not negligent in having the Nova and its drivers deleted from the policy coverage. *See May v. United Services Ass'n,* 844 S.W.2d 666, 672 (Tex. 1992).

■ The Sledges also argue that, as an insurance agent, Mullin had a duty to see that the Sledges complied with the Safety Responsibility Act, TEX.REV.CIV.STAT.ANN. art. 6701h (Vernon Supp.1995). We hold that the language of the statute imposes no such duty on insurance agents.

■ The general rule is that an unpublished opinion may not be cited as authority by counsel or by a court. *See* TEX.R.APP.P. 90(i). However, we find no statute, rule, or case law that forbids our taking judicial notice of our own unpublished opinion from Ruby's prior appeal of the trial court's ruling that the Republic Insurance Company policy did not insure Ruby's Nova at the time of her son's collision. That issue was severed and determined by Ruby's prior appeal. Because her severed cause of action against Mullin was conditioned upon an adjudication that Republic was not the car's insurer when the collision occurred, our prior unpublished affirmance of that ruling was the catalyst that led to the prosecution of Ruby's severed suit against insurance agent Mullin. Accordingly, the unpublished opinion contains the "law of the case" that is fundamental to the present appeal. Indeed, Ruby concedes that she is bound by our prior unpublished opinion and that it is the basis for her suit against Mullin.

For these reasons, we take judicial notice of our prior unpublished opinion, which has become final, and conclude that our prior holding that Republic Insurance Company's policy did not insure the Nova at the time of Dale's collision is the "law of the case" and a necessary component of our analysis of the present appeal.

■ Besides alleging a negligence cause of action against Mullin, the Sledges have alleged a misrepresentation that violated article 21.21, sections 4 and 16(a) of the Texas Insurance Code, and amounted to a deceptive trade practice. *See* TEX. BUS. & COM. CODE ANN. §§ 17.46, 17.50(a)(4) (Vernon 1987). The Sledges concede that Mullin made no false statements or affirmative misrepresentations to Ruby, but they argue that his failure to take steps to protect her interests by keeping the Nova and its drivers insured, or to advise her about the automatic thirty-day coverage provision of the policy, is an omission of material fact that amounts to passive misrepresentation. *See Celtic Life Ins. Co. v. Coats,* 831 S.W.2d 592, 595 (Tex. App.—Austin 1992), *aff'd as modified,* 885 S.W.2d 96 (Tex.1994) (insurer was held vicariously liable for both active and passive misrepresentations by its agent).

Mullin replies that the Sledges' present appeal is governed by *Koral Indus., Inc. v. Security–Connecticut Life Ins. Co.,* 788 S.W.2d 136, 147–48 (Tex.App.—Dallas), *writ denied per curiam,* 802 S.W.2d 650 (Tex. 1990). We disagree. *Koral* holds that a policyholder may not prevail against his in-

surer on extra-contractual claims such as misrepresentation or deceptive trade practices, unless the policyholder first has valid and enforceable insurance coverage under his policy. *Koral Indus., Inc.,* 788 S.W.2d at 148. In *Koral,* the insurer proved that the policyholder originally obtained coverage by misrepresentations that fraudulently induced the insurer to issue the policy, and those acts entitled the insurer to rescind the insurance contract. *Id.* at 152. Because of that proof, the court held that the policyholder was not entitled to successfully assert a claim on the policy and that the policyholder's own fraud in obtaining coverage gave the insurer a valid defense against the policyholder's extra-contractual claims of misrepresentation and deceptive trade practice by the insurer. *Id.* at 148.

■ The Sledges' causes of action are against the agent, not the insurer, and they are not trying to obtain coverage on a policy that they obtained by fraud. The facts of the Sledges' case are clearly distinguishable. *Koral* provides no rationale on which to hold that when an insurance agent is alleged to have misrepresented the extent or scope of insurance coverage on an item of property, a finding that there was no coverage will, as a matter of law, defeat the property owner's complaints against the agent for the alleged misrepresentation and deceptive trade practices. We are not aware of a principle of law that would support such a holding.

However, it is significant that Ruby testified on deposition that she decided to drop insurance on the Nova because she could not afford to pay for insurance on four cars, and that when she called Mullin's office to cancel the coverage on January 25, 1988, she did not ask to have the cancellation postponed to a later date. Ruby made the following corrections to her deposition, again confirming that on January 25, 1988, when she contacted Mullin, her intent and desire was to cancel the Nova's insurance coverage as of that date:

Q. Did you intend for the insurance to be canceled on January 25, 1988, on the Chevrolet Nova when you called Frank Mullins office?

. . . .

A. Yes, I intended for them to yea, take it off and to issue a written confirmation that it was taken off like the policy says.

The Sledges point us to no evidence in the record that would raise a fact issue that Ruby did not intend to substitute the Citation for the Nova on January 25, 1988, or that she intended for the policy to insure four vehicles after that date.

As a matter of law, we hold that by doing exactly what Ruby asked him to do, substituting the Citation for the Nova, Mullin did not violate article 21.21, sections 4 or 16(a), of the Texas Insurance Code. On the facts shown by the summary judgment evidence, we hold that, as a matter of law, Mullin owed Ruby no duty to suggest alternatives for insuring the Nova once she explained that she was selling it. *See Lochabay v. Southwestern Bell Media,* 828 S.W.2d 167, 172 (Tex.App.—Austin 1992, no writ).

■ We also hold that Ruby's reliance, if any, on Mullin to advise her of her insurance needs is not proof of a misrepresentation or deceptive trade practice by Mullin. *See Employers Cas. Co. v. Fambro,* 694 S.W.2d 449 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). In the absence of some specific misrepresentation by the insurer or agent about the insurance, a policyholder's mistaken belief about the scope or availability of coverage is not generally actionable under the DTPA. *See State Farm County Mut. Ins. Co. v. Moran,* 809 S.W.2d 613, 620 (Tex. App.—Corpus Christi 1991, writ denied). We hold that the summary judgment evidence does not support the Sledges' theories of recovery for the alleged misrepresentation under the Texas Insurance Code or for the alleged deceptive trade practice.

All of the causes of action asserted against Mullin in the Sledges' Fifth Amended Petition are claimed to have been caused by Mullin's alleged misrepresentation and/or breach of duty. The petition describes those acts as negligence and/or violations of the Insurance Code and/or the DTPA.

■ Mullin's motion for summary judgment asserted as its grounds that "there was

no coverage for Ruby and Dale Sledge" and that "from the testimony of Ruby Sledge (her unchanged testimony) there were simply no misrepresentations made by Frank E. Mullin." His motion for summary judgment asked the trial court "to dismiss all claims against Frank E. Mullin" and to "rule as a matter of law that no cause of action exists against Frank E. Mullin."

The purpose of requiring that a motion for summary judgment state its specific grounds is to give fair notice to the opponent and define the issues, TEX. R. CIV. P. 166a(c), and for that reason, a defendant-movant is not entitled to summary judgment on a ground of defense not asserted in his motion, even though the summary judgment proof conclusively establishes his right to judgment on that ground. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983). A defendant-movant is not entitled to summary judgment on the entirety of a nonmovant plaintiff's case unless the motion addresses each cause of action asserted by the nonmovant. *Id.*

The Sledges contend that the only ground stated in Mullin's motion for summary judgment asserts that "the issue of policy coverage was dispositive of the entire case." We disagree and conclude that a proper evaluation of the grounds asserted requires that the entire motion be read in context. Plainly, Mullin's motion is directed at *all* of the causes of action asserted by the Sledges. The grounds asserted in the motion are that there is no coverage of the Nova *and* that the Sledges, upon the summary judgment evidence (including Ruby's deposition), have no cause of action against him. A reasonable reading of the motion in context is that Mullin's grounds for summary judgment concisely attack the Sledges' causes of action based on negligence, violation of the Insurance Code, and DTPA violation. We hold that Mullin's motion for summary judgment defines the issues by addressing all causes of action asserted by the Sledges and that it gives them fair notice of the grounds on which he seeks summary judgment. *See Dear v. City of Irving,* 902 S.W.2d 731, 734 (Tex.App.—Austin 1995, writ denied); *Thom-*

*as v. Cisneros,* 596 S.W.2d 313, 316 (Tex.Civ. App.—Austin 1980, writ ref'd n.r.e.).

Having applied the principles of summary judgment review, discussed earlier, and having viewed Mullin's summary judgment evidence and its reasonable inferences in the light most favorable to the Sledges as nonmovants, we hold that there is no genuine issue of material fact in this case. We hold that the trial court did not err by granting Mullin's summary judgment motion. We hold that, as a matter of law, the Sledges are unable to establish any of their causes of action against Mullin and that the trial court did not err by denying the Sledges' motion for partial summary judgment.

Points of error number one and number two are overruled, and the judgment of the trial court is affirmed.