**Carl MOORE d/b/a Oakhills Village, Appellant,**

v.

**WHITNEY–VAKY INSURANCE AGENCY and Del McLain, Appellees.**

No. 04–97–00690–CV.

Court of Appeals of Texas, San Antonio.

March 18, 1998.

Kevin B. Miller, Miller & Henderson, San Antonio, for Appellant.

George G. Brin, Brin & Brin, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ, and GREEN, JJ.

## OPINION

HARDBERGER, Chief Justice.

Appellant, Carl Moore ("Moore") d/b/a Oakhills Village, appeals a summary judgment granted in favor of appellees, Whitney–Vaky Insurance Agency ("Whitney–Vaky") and Del McLain ("McLain"). In two points of error, Moore contends the trial court erred in granting summary judgment because the appellees owed him a common law and statutory duty to disclose any limitation in his insurance coverage. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

In 1988, Moore repossessed an apartment complex known as Oakhills Village. After he reacquired the complex, McLain, an agent for Whitney–Vaky, asked whether he could handle the insurance for the complex. Moore did not recall specifically discussing any types of coverage with McLain; however, Moore had been responsible for obtaining insurance for businesses in the past and expected to receive fire, extended coverage, liability and workmen's compensation coverage. When he received the policy from McLain, Moore did not discuss the contents of the policy with him; however, Moore thought "when [he] bought liability insurance that [he] was being covered for any liability that may occur." Moore admitted that McLain never told him that the liability policy would cover all lawsuits against him.

In 1993, the manager of Oakhills Village terminated an employee who had recently returned from work after suffering a work-related injury. Moore never discussed the termination with McLain prior to the date the employee was fired. The employee filed suit claiming retaliatory discharge. Moore believed that the claim was covered under his liability policy. The insurance company subsequently forwarded a letter to Oakhills Village, informing Moore that the claim was not covered. Moore retained counsel, and the suit was settled.

On May 30, 1995, Moore sued St. Paul Insurance Co., St. Paul Fire and Marine Insurance Co., Whitney–Vaky and McLain, asserting claims for negligence, breach of contract, fraud, and DTPA and Insurance Code violations. In his petition, Moore alleges that he "was lead to believe that all liabilities were covered under the policy, by Whitney Vaky, Del McLain and their agents, representatives and employees." In his deposition, Moore contended that he should have been informed of the provisions of the policy, and McLain never told him what was in the policy. Moore admitted that he never asked McLain to tell him what the policy covered. In addition, Moore could not recall any conversations with McLain about the coverages he wanted prior to obtaining the policy.

On April 7, 1997, the trial court signed an order of non-suit, dismissing the claims against St. Paul Insurance Co. and St. Paul Fire and Marine Insurance Co. with prejudice. On April 8, 1997, Whitney–Vaky and McLain filed a motion for partial summary judgment.[1] In their motion, Whitney–Vaky and McLain asserted that it was undisputed that neither McLain nor any other agent or employee of Whitney–Vaky ever represented to Moore or anyone on his behalf that he was provided coverage under the insurance policy for any particular act or conduct. McLain and Whitney–Vaky further asserted that the parties stipulated that the sole issue to be determined by the trial court was whether, as a matter of law, a duty existed on the part of McLain and/or Whitney–Vaky to advise Moore whether or not coverage would be provided under the policy.

In his response, Moore disputed the statement in the motion that no representations

---

1. While the motion was entitled "motion for partial summary judgment," both parties agreed during oral argument before this court that all of Moore's claims were properly presented to the trial court for summary judgment determination.

were made regarding coverage and preferred to rely on his deposition testimony. Moore agreed that the sole issue to be determined was the existence of a duty "pursuant to all causes of action alleged." Moore concluded that no essential element of any of his causes of action had been negated.

The trial court rendered a take nothing summary judgment against Moore.

## NEGLIGENCE CLAIM

Both parties cite the Texas Supreme Court's opinion in *May v. United Services Ass'n of America*, 844 S.W.2d 666 (Tex.1992), as support for their respective positions on the issue of whether Whitney–Vaky and McLain owed Moore a common law duty to inform him that he was not covered for retaliatory discharge claims. We construe the decision in favor of the appellees.

The *May* case involved "the scope of an insurance agent's common-law duty to a customer in rendering advice about and procuring a policy for health insurance." 844 S.W.2d at 666. Although that case was on appeal following a jury trial, the focus of the opinion is on the scope of an insurance agent's common law duty. *See id.*

In *May*, the Court noted that an insurance agent in Texas owes the following common-law duties to a client for whom he undertakes to procure insurance: (1) to use reasonable diligence in attempting to place the requested insurance; and (2) to inform the client promptly if unable to do so. *Id.* at 669. Neither of these duties was breached in this case because Moore admitted that he never requested a specific type of coverage and McLain did provide a policy of insurance in accordance with his understanding of Moore's expectations. In addition, Moore was never "led wrongly to believe that [his] policy provided protection against a particular risk that was in fact excluded from the policy's coverage." *Id.* at 669–70. In fact, Moore admitted that McLain never discussed the contents of the policy with him or said anything to give him the impression that the policy would cover all lawsuits against him.

Although the Court in *May* did not decide whether agent liability might extend

beyond affirmative misrepresentations to failures to disclose some limitation in the policy's coverage, it noted that other jurisdictions were only willing to make such an extension of liability where there is "an explicit agreement, a course of dealing, or other evidence establishing an undertaking by the agent to determine the customer's insurance needs and to counsel the customer as to how they can best be met." *Id.* at 670 n. 10. Moore asserts in his brief that this special relationship requirement is met in this case by his ongoing business relationship with McLain. However, Moore's deposition testimony refutes such a relationship. In his deposition, Moore admitted that McLain initially inquired as to whether he could place Moore's insurance coverage during a buffet at a country club. Moore could not recall ever discussing the desired coverage of the policy or its contents with McLain during the initial inquiry by McLain or at any time thereafter. Although Moore continued to use McLain to renew his policy every year, the renewal at most involved McLain's determination of whether the existing coverage could be obtained for a lower premium. Therefore, even if we were willing to recognize a duty to disclose coverage limitations based on a special relationship, the uncontroverted evidence in this case established that no such relationship existed, and we are unwilling to otherwise extend agent liability beyond affirmative misrepresentations to failures to disclose policy coverage limitations.

## DTPA AND INSURANCE CODE CLAIMS

Apart from the negligence claim, the only other claims to which Moore assigns error in this appeal are his DTPA and Insurance Code claims. We hold that the trial court properly granted summary judgment as to those claims.

"In the absence of some specific misrepresentation by the insurer or agent about the insurance, a policyholder's mistaken belief about the scope or availability of coverage is not generally actionable under the DTPA." *Sledge v. Mullin*, 927 S.W.2d 89, 94 (Tex. App.—Fort Worth 1996, no writ). For the same reason, a claim based solely on mistak-

en belief would fail under the Insurance Code. *See id.* Moore admitted that McLain never told him that his policy would cover all lawsuits. Therefore, neither McLain nor Whitney–Vaky made a specific misrepresentation about the insurance, and Moore's mistaken belief about coverage is not actionable under the DTPA or the Insurance Code. *See id.*

### CONCLUSION

Under the facts of this case, neither Whitney–Vaky nor McLain owed Moore a common law or statutory duty to disclose any limitation in his insurance coverage. The judgment of the trial court is affirmed.