Moses NWAIGWE, Appellant,

v.

PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, and William Eckert, Appellees.

No. 04–98–00037–CV.

Court of Appeals of Texas,
San Antonio.

July 12, 2000.

Rehearing Overruled Sept. 1, 2000.

---

Daniel A. Bass, Law Office of Daniel A. Bass, Alex M. Miller, Donald L. Crook, Richard W. Hunnicutt, III, Allen, Stein, Durbin & Hunnicutt, P.C., San Antonio, for Appellant.

Winston H. Hankins, Jo Beth Eubanks, Polly J. Estes, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## ON MOTION FOR REHEARING

Opinion by: PAUL W. GREEN, Justice.

The motion for rehearing is GRANTED. The opinion and judgment dated May 28, 1999 are withdrawn and the following is substituted.

\* \* \*

Moses Nwaigwe sued Prudential Property & Casualty Ins. Co. and its agent, William Eckert (collectively "Prudential"), for failing to disclose a policy exclusion that the company used to deny a claim. In response, Prudential moved for summary judgment on the grounds that it did not misrepresent the terms of the policy and that it had no duty to tell Nwaigwe about the vacancy clause. The trial court grant-ed the motion. On appeal, Nwaigwe argues the summary judgment was improper because the motion failed to address his failure to disclose allegation. We affirm.

## Background

In 1993, Nwaigwe purchased a fire insurance policy from Prudential to insure an occupied rental property. The policy was issued and renewed twice, but Nwaigwe says he never received a copy of the policy.

In the spring of 1995, Nwaigwe evicted his tenants. The property remained vacant and was destroyed by fire in 1996. Prudential denied Nwaigwe's claim for property damage based on the policy's vacancy clause, which excludes fire coverage for a building vacant for sixty consecutive days immediately before the loss.

Nwaigwe says he did not know about the vacancy clause because the agent never told him about it and because Prudential never delivered a copy of the policy so that he would know about the exclusion. He sued Prudential and Eckert for violations of the Insurance Code and Deceptive Trade Practice Act (DTPA), breach of the common law duty of good faith and fair dealing, fraudulent misrepresentation, negligence, and gross negligence.

## Standard and Scope of Review

To obtain a summary judgment, the defendants must show there is no genuine issue of material fact and that, as a matter of law, they are entitled to judgment. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985). In determining whether a fact issue precludes summary judgment, we take all evidence favorable to Nwaigwe as true, indulge every reasonable inference in his favor, and resolve any doubts in his favor. *Id.* at 548-49. If the defendants negate at least one of the essential elements of each of the plaintiff's causes of action, they are entitled to summary judg-

ment. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993).

### DTPA and Insurance Code Claims

■ Nwaigwe challenges the judgment on the basis that Prudential's motion for summary judgment did not address the deceptive conduct he alleged; *i.e.*, that Prudential failed to inform him of the vacancy exclusion in the policy. Nwaigwe claims Prudential represented to him that his property was fully covered for fire loss during the policy period, and that this was deceptive conduct because the policy did not, in fact, cover his property if it was left vacant. Nwaigwe contends this conduct violated the DTPA and the Insurance Code.

Prudential says it was entitled to summary judgment because it did not misrepresent the scope of coverage, relying on *Parkins v. Texas Farmers Ins. Co.*, 645 S.W.2d 775 (Tex. 1983). *Parkins* held that, absent a specific misrepresentation, an insurer is not liable under the DTPA. *See id.* at 776-77. Because the record establishes that no specific misrepresentation of coverage was made. Prudential says summary judgment was proper. Nwaigwe says *Parkins* does not apply because misrepresentation is not an element of a failure to disclose claim. *See* Tex.Bus & Com. Code Ann. § 17.46(b)(23) (Vernon Supp. 2000) (cause of action consists of intentional failure to disclose known information for purpose of inducing consumer to enter transaction he would not have otherwise entered). We believe Nwaigwe's allegations are encompassed within the holding of *Parkins*.

*Parkins* is factually very similar to this case. In *Parkins*, the plaintiff alleged the insurer represented to him that it would cover his home against fire loss, and that this was a deceptive act because the insurer issued a policy that carried an exclusion for coverage if the home was not owner-occupied. *See Parkins*, 645 S.W.2d at 775. Also, like this case, the plaintiff did not receive a copy of the policy. *See id.* at 776. The only apparent distinction between the cases is that the plaintiff in *Parkins* characterized his complaint as one of misrepresentation of coverage, while Nwaigwe attempts to characterize his complaint as one of failure to disclose an exclusion from coverage. We believe this to be a distinction without a difference. Nwaigwe's complaint in this case is the same as Mr. Parkins in his case. Accordingly, the question to be decided is the same-whether, at the time of the transaction, the insurer committed a deceptive act that produced actual damages to the plaintiff. *See* Tex. Bus & Com.Code Ann. § 17.50(a) (Vernon Supp. 2000).[1] The supreme court answered the question against Parkins, and we believe the answer must be the same for Nwaigwe.

■ The summary judgment evidence establishes that at the time Nwaigwe purchased the policy from Prudential, no specific misrepresentations were made concerning coverage, and no material information was withheld from Nwaigwe with the intent to induce him to enter the transaction. To the extent that knowledge of the 60-day vacancy clause might have been material to Nwaigwe's decision to purchase the policy, it lost its materiality when Nwaigwe represented to Prudential that his property would not be unoccupied for more than thirty consecutive days per year. We agree with Prudential that under the circumstances it had no duty to advise Nwaigwe that the policy included a vacancy exclusion. Nwaigwe may have believed he was fully covered by the policy regardless of the property's occupancy, but mistaken belief about the scope or availability of coverage is not actionable under the DTPA or In-

1. It is also worth mentioning that in both cases the plaintiffs chose not to sue for breach of contract. Although we find no tort duty arising under these facts, there are certainly contract issues involved. We do not address the contract issues here because they have not been raised.

surance Code. *See Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692-93 (Tex.App.-San Antonio 1998, no pet. h.).

### The Remaining Claims

Nwaigwe next challenges the summary judgment on his remaining claims, arguing the defendants failed to negate the existence of a misrepresentation. We disagree. The summary judgment evidence plainly establishes that Eckert and Prudential made no affirmative misstatements about the policy.[2]

### Conclusion

It being established by the record that no affirmative acts of deceptive conduct were committed by Prudential or Eckert, the judgment of the trial court is AFFIRMED.

SARAH B. DUNCAN, Justice, concurring in the judgment only.

Dissenting opinion by: ALMA L. LÓPEZ, Justice.

ALMA L. LÓPEZ, Justice, dissenting.

I respectfully dissent to the granting of the motion for rehearing because I believe the defendants were required to show that they had discussed the vacancy clause with Nwaigwe, or at least to show that they had provided it to him in writing, to prevail on a motion for summary judgment.

---

2. Nwaigwe asserts there are several discrepancies between the application and the policy, *e.g.*, whether Standard Time applies during Daylight Savings Time. These discrepancies, however, do not raise genuine issues of material fact about the defendants' misrepresentation of the vacancy clause. Nwaigwe also argues his policy was not properly identified. Because the defendants provided an authenticated copy of the policy pertaining to Nwaigwe's claim, we disagree with his argument.