IN THE UNITED STATES DISTRICT COURT 
 NORTHERN DISTRICT OF TEXAS 
 DALLAS DIVISION 

PSG-MID CITIES MEDICAL CENTER, LLC § 
D/B/A SAINT CAMILLUS MEDICAL CENTER, § 
 § 
 Plaintiff, § 
 § 
v. § Civil Action No. 3:20-CV-02477-E 
 § 
RICK JARRELL, MHBT, INC., MARSH & § 
MCCLENNAN AGENCY, LLC, and § 
CONTINENTAL CASYALTY COMPANY, § 
 § 
 Defendants.M EMORANDUM OP§I NION AND ORDER 

 Before the Court is the Motion to Remand filed by plaintiff PSG-Mid Cities Medical 
Center, LLC d/b/a Saint Camillus Medical Center (Saint Camillus) (Doc. 9). Having carefully 
considered the motion, the parties’ briefing, and applicable law, the Court finds there is no 
reasonable basis for the Court to predict that Saint Camillus may be able to recover against 
 1 
non-diverse defendants Rick Jarrell, MHBT, Inc. (MHBT), and Marsh & McClennan Agency, 
LLC (Marsh) (collectively, brokers), and, thus, the brokers were improperly joined. 
Accordingly, the Court disregards their citizenship, resulting in complete diversity betDwEeNeYn 
Saint Camillus and defendant Continental Casualty Company (Continental), and must 
the motion to remand. 

1 
 A recently-filed SuggMesatniognu noof Dv.e Partuhd ienndtiicaal tPerso Jpa.r &re Clla hsa. Isn psa. Cssoe.d away (Doc. 13). To determine if jurisdiction 
is present for removal, however, the Court “consider[s] the claims in the state court petition as they existed a1t 
the time of removal.” , 276 F.3d 720, 723 (5th Cir. 2002). 
 BACKGROUND 

 The following is taken from Saint Camillus’s First Amended Original Petition 
(petition) (Doc. 1-8). 

 Saint Camillus is a private hospital in Hurst, Texas; all of the surgical procedures 
performed at Saint Camillus are elective. Saint Camillus obtained a commercial property 
insurance policy issued by Continental through MHBT, an insurance-brokerage firm that is a 
Marsh company. Jarrell, MHBT’s senior vice president, was Saint Camillus’s direct contact. 
 Beginning in March 2020, in accordance with government orders instituted to limit 
the spread of the SARS-CoV-2 virus (COVID 19), Saint Camillus was unable to schedule 
elective surgical procedures. On April 14, 2020, Saint Camillus emailed MHBT to report an 
insurance claim for the pandemic-related business interruption. Jarrell responded, also by 

email, “Unfortunately, your insurance policy, like 99.9% of policies, excludes coverage for a 
business interruption by a virus that causes infection or disease. This exclusion has been 
standard on policies for approximately 15 years (going back to the SARS outbreak).” 
According to Saint Camillus, the email contained a material misrepresentation because (1) 
the Continental policy has no virus exclusion and (2) the word “virus” appeared in the policy 
only with reference to computer viruses. 
 Despite Jarrell’s response, Saint Camillus pursued the insurance claim, providing 
additional information in May 2020. On June 30, 2020, Continental denied coverage for the 

claim based upon the lack of “direct physical loss of or damage to” property and citing the 
policy’s exclusions for loss caused by contaminants or pollutants, microbes, and 
consequential loss. 
 2 
 Saint Camillus brought this action in state court on July 21, 2020 and filed the petition 
 2 
on July 23, 2020 (Docs. 1-5, 1-8). In addition to claims against Continental, Saint Camillus 
asserts claims for breach of the duty of good faith and fair dealing, gross negligence or malice, 
and violation of the Texas Prompt Payment Act against the brokers and additional claims of 
violation of the Texas Insurance Code, negligence, and negligent misrepresentation against 
MHBT and Jarrell. 
 On August 21, 2020, Continental removed this action based upon diversity of 
citizenship and the improper joinder of the brokers (Doc. 1). The brokers consented to the 
removal (Doc. 1-18). On August 28, 2020, the brokers filed a Motion to Dismiss Pursuant to 
Federal Rule of Civil Procedure 12(b)(6), and, on September 20, 2020, Saint Camillus filed its 
 3 
Motion to Remand (Doc. 9). The Court granted a joint motion to extend Saint Camillus’s 
deadline for responding to the motion to dismiss until after the motion to remand is resolved 
(Docs. 6 & 8). LEGAL STANDARD 

 A defendant may remove “any civil action brought in a State court of which the district 
courts of the United States have original jurisdiction” to the district court where such action 
is pending. 28 U.S.C. §§ 1441(a). Federal district courts have original jurisdiction where the 
matter in controversy exceeds $75,000 and is between “citizens of different States.” 28 U.S.C. 
§ 1332(a). SLeincctoiolnn P1r3o3p2. C(ao). vr.e Rqoucihrees “complete diversity” between all plaintiffs and all 

defendants. , 546 U.S. 81, 89 (2005). 

2 
 Against Continental, Saint Camillus asserts claims for breach of contract, breach of the duty of good faith and 
fair dealing, gross negligence or malice, and violation of the Texas Prompt Payment Act. 
3 3 
 The brokers have joined in the response (Doc. 12). 
 The doctrine oMf ciDmopnraol pve. rA bjobiontdt eLra b“cso. nstitutes a narrow exception to the rule of 
complete diversity.” , 408 F.3d 177, 183 (5th Cir. 2005). If a non-
diverse defendant has been improperly joined, a district court “may disregard the citizenship 

of that defendant, dismiss the non-diverse defendant from Ftlhaeg gc avs. eS,t raynkde re Cxeorrcpi.se subject 
matter jurisdiction over the remaining diverse defendant.” , 819 F.3d 
132, 136 (5th Cir. 2016) (en banc). Davidson v. 
Georgia T-Phaec pifaicr,t yL a.Lll.Ceg. ing improper joinder has a “heavy” burden of persuasion. 
 , 819 F.3d 758, 765 (5th Cir. 2016). Improper joinder may be 
established in two ways: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability 
oTfr athvies pv.l aIirnbtyiff to establish a cause of action against the non-diverse party in state court. 
 , 326 F.3d 644, 646–47 (5th Cir. 2003). “[T]he test for improper joinder ‘is 

whether the defendant has demonstrated that there is no possibility of recovery by the 
plaintiff against an in-state defendant’” or, stated differently, “there is noF rleaagsgonable basis 
for thSem daislltwriocot dco vu. rIltl .t oC epnrte. dRi.c Ct oth. at the plaintiff might be able to recover.” , 819 F.3d at 
136; , 385 F.3d 568, 573 (5th Cir. 2004). 
 Fifth Circuit courts apply a “1I2d.(b)(6)-type analysis” to determine whether a plaintiff 
has a reasonable basis of recovery. The court resolves all disputed questions of fAacllte ann vd. 
aWlla almmabritg uSittoierse si, nL tLhCe controlling state law in favor of the non-removing party. 
 , 907 F.3d 170, 183 (5th Cir. 2018). Although “detailed factual 

allegations” are not required, the federal pleading standard requires a plaintiff to provide 
“more than labels andB ceolln cAltulasinotnics , Caonrdp .a vf.o Trmwuomlaibcl yrecitation of the elements of a cause of 
action will not do.” , 550 U.S. 544, 555 (2007) (citations 
 4 
 see Int'l Energy Ventures Mgm’t L.L.C. v. United Energy Group, Ltd.
omitted); , 818 F.3d 193, 
200 (5th Cir. 2016) (internal quotations omitted) (“To pass muster under Rule 12(b)(6), [a] 
complaint must have contained enough facts to state a claim for relief that is plausible on its 

face.”). “Factual allegations must be enough to raise a right to relief above a speculative level, 
oTnw tohmeb alsysumption that all the allegations in the complaint are true (even if doubtful in fact).” 
 , 550 U.S. at 555. ANALYSIS 

 There is no dispute that the brokers’ presence as defendants in this action destroys 
diversity jurisdiction. And, because there is no allegation of fraud in the pleadings, the Court 
Smeues Ftl daegtgermine whether Saint Camillus has “no possibility of recovery” against the brokers. 
1. Violat,i o8n1s9 o Ff .t3hde aTte 1x3as6 .I n surance Code 

 In its Motion to Remand, Saint Camillus first asserts it pleaded a plausible claim for 
violations of sections 541.051 and 541.061 of the Texas Insurance Code against Jarrell and 
MHBT. In doing so, Saint Camillus relies on Jarrell’s email response that the Continental 
policy excluded “coverage for a business interruption by a virus that causes infection or 
disease.” 
 ASe pe laintiff insured may assert a chapter 541 claim against an insurance broker or 
agent. T,E X. INS. CODE ANN. § 541.002(2). Sections 541.051 and 541.061 prohibit, among 

other things misrepresenting the terms of a policy or misrepresenting a policy by making 
untrue statements of material facts, leaving out material facts, or making a statement in a 
 5 
way that would lead a reasonably prudent person to a false conclusion about a material fact. 
TEX. INS. CODE ANN. §§ 541.051, 541.061. 
 To establish a claim under section 541.051 or 541.061, a plainIdtiff must showN uthnant va. 

mStaistree Fparermse nMtautti. oAnu wtoa. sIn as .p Croo.ducing cause of damage to the plaintiff. . § 541P.1r5o1vi;d ent Am. 
Ins. v. Castañeda, , 729 F. Supp.2d 801, 813–14 (N.D. Tex. 2010). 
 988 S.W.2d 189, 193 (Tex. 1998). “[T]he essential components of producing 
cause [are] that (1) the cause must be a substantial cause of the event in issue and (2) itN muunsnt 
be a but-for cause, namely one witFhoorud tM wohtoicrh C oth. ve. Leevdeenstm waould not have occurred.” , 
729 F. Supp.2d at 813–14 (quoting , 242 S.W.3d 32, 46 (Tex. 2007)). 
 With respect to the chapter 541 claims, the petition alleges that, because of Jarrell’s 
misrepresentation, Saint Camillus “was forced to retain the services of an attorney and law 

firm to represent it and has suffered damages as outlined herein.” In its Motion to Remand, 
but not the petition, Saint Camillus asserts it “had to incur costs involved in seeking legal 
representation to investigate the situation as a result of Jarrell and MHBT making the blatant 
misrepresentations” (Doc. 9, p. 16). The petition, however, alleges no facts to show Saint 
Camillus conducted an investigation as a result of Jarrell’s email. 
 “[A]n insured normally canWno. tT ebxrains gA gar impliesxr ev.p Mreisde-Cnotanttiionne nct lCaaims. Cfoo.r any alleged 
representations made after a loss.” , No. 5:03-CV- 
199-C, 2004 WL 1515122, at *13 (N.D. Tex. July 7, 2004). And, in this case, Saint Camillus 

specifically pleaded that, despite the alleged misrepresentation in Jarrell’s email, it continued 
to pursue its claim for coverage under the Continental policy. Accordingly, Saint Camillus 
has alleged no facts to show that the misrepresentation resulted in reliance or was a 
 6 
 See, e.g., Partain v. Mid-Continent Specialty Ins. 
pSerrovdsu., cIinncg. cause of harm to Saint Camillus. aff’d sub nom. Graper v. Mid-
Continent C, a8s3. C8o .F. Supp.2d 547, 558–59 (S.D. Tex. 2012), 
 , 756 F.3d 388 (5th Cir. 2014). 

 Further, the legal fees Saint Camillus incurred are not recoverable as actual damages 
under chapter 541. Under TexasI nltaewrc, oan tpinaretnyt acla Gnrnpo. tP ’rsehcipo vve. Kr Bit Hs oamtteo rLnoenye’ sS tfaere sL .Pu.nless 
authorized by contract or statusteee. also Structural Metals, Inc. v. S & C Elec. Co. , 295 
S.W.3d 650, 653 (Tex. 2009); , 590 F. App’x 
298, 304 (5th Cir. 2014). Chapter 5S4ee1 requires recovery of actual damages before an award 
of attorney’s fees is permissible. TEX. INS. CODE ANN. § 541.152(a)(1) (authorizing an 
award of “the amount of actual damages, plus court costs and reasonable and necessary 
attorney’s fees.”). Saint Camillus’s legal fees in pursuing its claim are not “actual damages” 

under the statute and do nSoete iOnrdteizp evn. Sdteantetl yF asrump pLoloryt das claim under chapter 541 in the 
absence of actual damages. , 589 S.W.3d 127, 135 (Tex. 2019) 
(Texas law is clear that attorney’s fees and costs incurred in the prosecution or defense of a 
claim, although “compensatory in that they help make a claimant whole,” are not damages, 
and chapter 541 requires a claimant toG upirdervya ivl. oEnn tvhtel. uPnrodceerdlyuirnegs ,c lIanicm and recover damages 
in order to recover attorney’s fees); ., 388 S.W.3d 845, 860 
(Tex. App.—Houston [14th Dist.] 2012, pet. denied) (reversing award of attorney’s fees 
under Texas Insurance Code where there was no evidence to support award of actual 

damages for broker’s misrepresentation of policy). 
 Because Saint Camillus alleges, at most, that it retained the services of an attorney 
and law firm to represent it as a result of the Jarrell’s representation, it cannot show that the 
 7 
representation was a producing cause of recoverable actual damages. Accordingly, the Court 
finds Saint Camillus does not have a possibility of recovery against the brokers for violations 
o2f. thNee gTleigxaens tI nMsiusrraepnrcees Cenotdaet.i on, Negligence 

 Also relying on Jarrell’s alleged misrepresentation, Saint Camillus next asserts it 
pleaded plausible claims for negligent misrepresentation and negligence against Jarrell and 
MHBT. The elements of a claim for negligent misrepresentation are: (1) a representation is 
made by a defendant in the course of his business, or in a transaction in which he has a 
pecuniary interest; (2) the defendant supplies “false information” for the guidance of others 
in their business; (3) the defendant did not exercise reasonable care or competence in 
obtaining or communicating the informatMiocnC; aamndis h(4, )M tahret ipnl,a Binrotiwffn s u&f fLeoresf fpleerc uvn. Fia.Ery. A lopspsli nbgy 

jIunstetirfeiastbsly relying on the representation. see also Miller v. CitiMortgage, Inc., 
 , 991 S.W.2d 787, 791 (Tex. 1999); 970 F. Supp.2d 
568, 585 (N.D. Tex. 2013). To maintain a negligence claim, a plaintiff must show “a legal 
duty owed by one Npaerbsoorns tDor ailnliontgh, eUr,. Sa. Ab.r, eIancch. ov.f tEhsacto dtouty, and damages proximately caused 
by the brDe.a Hchou.”s t on, Inc. v. Love , 288 S.W.3d 401, 404 (Tex. 2009) 
(quoting , 92 S.W.3d 450, 454 (Tex. 2002)). 
 With respect to the negligent misrepresentation claim, the petition alleges Saint 
Camillus did not know Jarrell’s representation was false, relied to its detriment on the 

representation, and suffered a financial loss due to its justifiable reliance on the 
representation. As discussed above, though, Saint Camillus alleges no facts to show it relied 
on the representation or, as a result, that the representation caused it any harm. To the 
 8 
contrary, it alleges that it pursued its claim, and it continues to do so in this action, despite 
receiving Jarrell’s email. Accordingly, the Court finds Saint Camillus does not have a 
possibility of recovery against the brokers for its negligent misrepresentation claims against 

them. 
 With respect to the negligence claim, the petition alleges that Jarrell and MBHT 
breached their “duty to accurately advise [Saint Camillus] as to the terms of the [policy].” 
Texas courts recognize that an insurance agent owes common law duties to a client for whom 
the agent “undertakes to procure insurance: (1) to use reasonable diligence in attemptinMg atoy 
pv.l aUcnei ttehde Sreeqrvuse. sAtsesd’n insurance; and (2) to inform the clienMt opororem vp. tWlyh ifi tunneayb-Vlea ktoy dInos s. oA.g” e ncy
 , 844 S.W.2d 666, 669 (Tex. 1992); , 
966 S.W.2d 690, 692 (Tex. App.—San Antonio [14th Dist.] 1998, no pet.) (recognizing 

negligence causes soefe a acltsioo nW aegsati Hnsotu isn. sAuirrpanorcte, Iangce. nvt. Mwihlloe nfaniilus mto I pnlsa. cAeg iennscuyr, aInncc.e the agent’s 
client requested); , 349 S.W.3d 
748, 754 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (finding insurance broker does 
not have duty to disclose coverage limitations under comprehensive general liability policy 
unless inclusion of limitation renders policy non-compliant with coverage requested by 
client). Here, Saint Camillus has not alleged any facts, or complained of any conduct, related 
to procuring the insurance. Because Saint Camillus has not alleged facts to show that Jarrell 
or MHBT breached any duty owed to it under Texas law (other than a duty not to 

misrepresent the terms of the policy, which the Court has addressed above), the Court finds 
there is no reasonable basis to predict that Saint Camillus might be able to recover on its 
negligence claim. 
 9 
 Even if there were a breach of a recognized duty that caused damages, Saint Camillus 
has not alleged damages that are recoverable. The petition alleges that, as a proximate result 
of Jarrell’s and MHBH’s negligence, Saint Camillus has suffered “physical loss of the insured 

property, and alternatively damage to the insured property and suspension of its business 
that is covered under the business income loss (and extra expense) provisions of the 
[p]olicy.” But Saint Camillus cannot recover frSoeme Vthaen bderolakye Hrso aspm. oGurpn.t Ls Pth da/tb i/t ab eHliuedvseosn s Hhoouuslde 
hv.a Tvhee b Ceiennc ipnanidat ui nIndse. rC toh.,e e Ct oanl.tinental policy. 
 , No. 3:20-CV-1348-D, 2020 WL 4784717, at *6 (N.D. Tex. Aug. 
18, 2020) (plaintiff’s claim against broker for “amount of coverage” was not valid claim for 
r3e. coRveemraabinlein dga Cmlaaigmess for negligent misrepresentation). 

 Saint Camillus’s motion to remand does not specifically address its remaining claims 
against the brokers for breach of good faith and fair dealing, gross negligence, and violation 
of the Prompt Payment Act. The Court, however, finds that there is no reasoSneeabSlme ablalwsioso tdo 
predict that Saint Camillus might be able to recover on these state law claims. , 
385 F.3d at 573. 
 First, under Texas law, there is no basis for an insured’s breach of good faith and fair 
dealing against an agent unless there is a contractual relSaetieoNnsahtiivpi dbaedtw ve. Aenle xthsiesm, and Saint 
Camillus has alleged no such contract with the brokers. , 875 S.W.2d 

695, 698 (Tex. 1994) (insurer, not agent, owes insured a duty of good faith and fair dealing 
because of “special relationship” created by contract between insurer and insured; “[t]his 
duty is non-delegable”). 
 10 
 With respect to its gross negligence claim, Saint Camillus alleges “[d]efendants’ 
breach of the duty of good faith was malicious and/or grossly negligent.” ASes ed iidscussed above, 
the brokers do not owe a duty of good faith and fair dealing to Plaintiff. . Further, the 

petition alleges no facts to show, as required to support a gross negligence claim, that the 
conduct complained of involved “an extreme degree of risk” or the defendants had “actual, 
subjective awareness of the risk involved, but neverthSeeele Uss-H paruolc Ienetd’l[, eIndc] . wv. iWtha cldornispc, ious 
indifference to the rights, safety, or welfare of others.” 380 
S.W.3d 118, 137 (Tex. 2012). 
 Finally, Saint Camillus’s claims against the brokers for vioSlaeteio Bna orbf athrae TTeecxhass. PCroormp. pvt. 
SPtaayt eA cFta arrme nLolot yvdisable because the Act applies only to insurers. 
 , 589 S.W.3d 806, 812 (Tex. 2019) (Texas Prompt Pay Act “imposes 

procedural requirements and deadlines on insurance companies to promote the prompt 
payment of insurance claims”); TEX. INS. CCO OD NE C LAUN SN IO. §N 542.060. 

 In sum, the Court finds that Saint Camillus does not have a possibility of recovery 
under any of the state law claims it has asserted against the brokers in its petition. 
Accordingly, Continental has met its heavy burden of establishing improper joinder. Because 
the Court need not consider the citizenship of the brokers, there is complete diversity of 
citizenship between Saint Camillus and Continental and this Court has subject matter 

jDuEriNsdIEicDti. on over this action. Saint Camillus’s motion to remand must be and is hereby 

 11 
 ORDERED 
SO ; signed December 17, 2020. 

 _______________________________________ 
 ADA BROWN 
 UNITED STATES DISTRICT JUDGE 

 12